HOMER HAMILTON v. STATE.

No. 2173.　Decided January 8, 1913.

Rehearing denied February 5, 1913.

**1.—Injuring Railroad Car—Sufficiency of the Evidence.**

　Where, upon trial of injuring a railroad car as provided under Article 1259, Penal Code, the evidence sustained the conviction, there was no error.

**2.—Same—Maximum Punishment—Constitutional Law.**

　Article 1259, Penal Code, is not unconstitutional because the same does not fix the maximum of a fine that may be imposed, and does not contravene the Constitution of the United States which prohibits excessive fines. Following Martin v. Johnson, 11 Texas Civil App., 628.

**3.—Same—Ownership—Possession—Variance.**

　Where, upon trial of injuring a railroad car of the M. K. & T. Ry., the evidence showed that it was a B. & O. Ry. Co. car, but in possession, control and management of the said M. K. & T. Ry. Co., there was no variance. Following Frazier v. State, 18 Texas Crim. App., 434, Art. 457, C. C. P.

　Appeal from the County Court of Dallas County at law.　Tried below before the Hon. W. F. Whitehurst.

　Appeal from a conviction of injuring a railroad car; penalty, a fine of $100 and three months' confinement in the county jail.

　The opinion states the case.

　No brief on file for appellant.

　*C. E. Lane,* Assistant Attorney-General, for the State.

　PRENDERGAST, JUDGE.—By proper complaint and information appellant was charged, tried and convicted, and given the lowest penalty,—a fine of $100 and three months' confinement in jail, for injuring a railroad car.

　The offense is prescribed by Article 1259 Penal Code which is as follows: "Any person who shall wilfully injure any railroad, locomotive engine, or tender, or baggage, passenger or freight car of any railroad in this State,'so as to prevent the use of same, shall be punished by fine in any sum not less than one hundred dollars, and imprisonment in the county jail not less than three nor more than twelve months."

　The evidence sufficiently and clearly shows that on or about April 29, 1912, the time charged, that the Missouri, Kansas & Texas Railway Company had in its charge and control in its yards in Dallas, Texas, a certain freight car which belonged to the B. & O. Railroad Co.; that on said date the appellant raised the coupling pin which goes through the clevis and took the clevis that fastened the cars together off and went away with it; that the coupler with which the car was coupled to other cars in making up a train was an automatic coupler and the clevis was something like the hands closed together with the fingers interlacing each other with the coupling pin, and when the

pin is entirely removed the cars may pull apart and a train of cars cannot hold together well without the clevis and pin; that when the clevis was removed from the coupler the car would still run all right but by the jostling of the cars the coupler may come apart and separate the cars; that on this same occasion appellant was seen to put small rocks about the size of a man's thumb and smaller in the axle box of said freight car.

There are but two questions raised by appellant which it is necessary to discuss and decide.

Appellant contends that because said act prescribing said offense does not fix the maximum of a fine that may be imposed said law is unconstitutional and is violative of Article 1, Section 13 of our Bill of Rights and of the 8th Amendment to the Constitution of the United States which prohibits excessive fines. .

It has uniformly been held by the Supreme Court of the United States that that provision in the United States Constitution has no application whatever to the States, but it applies solely to the laws enacted by Congress. Not only that question but the other,—that is, that said article is unconstitutional because it prescribes no maximum fine, has been so fully discussed and decided against appellant and the authorities cited and quoted in the case of Martin v. Johnson, 11 Texas Civil Apps., 628, (33 S. W., 306), that we content ourselves with referring thereto without any further discussion of the question in this case. See also 12 Cyc. 965 and note 1 and 966, and notes 9 and 10, where some of the cases are also collated. The said article is not unconstitutional on either ground of appellant's contention. When we contemplate the great destruction of property and of human life that may be caused by such acts as are denounced by said article of our Code, we can well understand why the Legislature made no limit of the maximum of the fine that may be imposed in such a case.

Another contention by appellant is that as the testimony showed that the car that appellant disabled, as shown by the statement of the evidence above, was shown to belong to the B. & O. Railroad Co. and not to the M., K. & T., and as the complaint and information did not charge that such car was in the custody, control, management, or possession of the said M., K. & T. but that it was a car of said B. & O. Railroad Co., that the conviction was fatal. The allegation in the complaint and information in this case was in strict accordance with our statute on the subject which says: "Where one person owns the property and another person has the possession, charge or control thereof, the ownership thereof may be alleged to be in either." C. C. P. Art. 457. Where the property is owned by one person and the actual care, control and management of it, or the possession of it, is in another, it is proper to allege that it is the property of the person who has the actual care, control and management of it or is in possession. This has been the uniform holding of this court ever since the decision in Frazier v. State, 18 Texas Crim. App., 434. See

Sec. 359, p. 264, White's Ann. C. C. P. and Branch's Crim. Law, Secs. 780 and 781, where some of the authorities are collated.

The judgment will be affirmed.  *Affirmed.*

[Rehearing denied February 5, 1913.—Reporter.]