**BINKLEY v. HUNTER, Warden.**

No. 3708.

United States Court of Appeals Tenth Circuit.

Nov. 3, 1948.

Rehearing Denied Dec. 10, 1948.

Donald H. Latshaw, of Kansas City, Mo. (Louis R. Gates, of Kansas City, Kan., on the brief), for appellant.

Eugene W. Davis, Asst. U. S. Atty., of Topeka, Kan. (Lester Luther, U. S. Atty., of Topeka, Kan., on the brief), for appellee.

Before PHILLIPS, Chief Judge, and HUXMAN and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

This is an appeal by Homer Binkley from the judgment of the trial court discharging a writ of habeas corpus and remanding him to the custody of appellee, Walter A. Hunter, Warden of the United States Penitentiary at Leavenworth, Kansas.

Appellant was tried and convicted of the aggravated offense of bank robbery, 12 U.S.C.A. §§ 588b and 588c [now 18 U.S. C.A. § 2113]. The jury, in returning its verdict of guilty, made no recommendation that the death penalty be imposed. The trial court thereupon sentenced the prisoner to a life term in the penitentiary. He has served more than ten years of that time.

Section 588c provides that, "Whoever, in committing any offense defined in section 588b of this title, or in avoiding or attempting to avoid apprehension for the commission of such offense, or in freeing himself or attempting to free himself from arrest or confinement for such offense, kills any person, or forces any person to accompany him without the consent of such person, shall be punished by imprisonment for not less than 10 years, or by death if the verdict of the jury shall so direct."

Appellant's sole contention in this case is that in the absence of a recommendation for the imposition of the death penalty, the maximum lawful sentence which may be imposed under this statute is ten years. With this contention we cannot agree. Such a construction is contrary to the clear meaning of the words "not less than". These words fix a minimum but clearly imply that more may be imposed. If ten years was intended to be the maximum sentence, the words "not less than" would have no meaning and no doubt would not have been included.

Such a statute is not subject to the attack that it is void because it is vague and indefinite. There are many laws such as this upon the statute books of the Federal Government, as well as of the various states, fixing a minimum sentence and leaving it within the power of the court to fix the maximum sentences. In every instance the validity of such statutes has been upheld.[1]

Under a statute such as this, fixing a minimum sentence and leaving the imposition of the maximum sentence to the court, the only limitation upon the power of the court in imposing a sentence would be that of the Eighth Amendment to the

---

[1] See Myers v. State, 51 Tex.Cr.R. 463, 103 S.W. 859; 15 Am.Jur. 169; Franklin v. Brown, 73 W.Va. 727, 81 S.E. 405, L.R.A.1915C, 557; People ex rel. Mummiani v. Lawes, 258 App.Div. 643, 17 N.Y.S.2d 748; Frese v. State, 23 Fla. 267, 2 So. 1; Sweigart v. State, 213 Ind. 157, 12 N.E.2d 134, 114 A.L.R. 1117; Southern Exp. Co. v. Commonwealth, 92 Va. 59, 22 S.E. 809, 41 L.R.A. 436, affirmed in 168 U.S. 705, 18 S.Ct. 946, 42 L.Ed. 1212; In re Yell, 107 Mich. 228, 65 N. W. 97; In re Hallawell, 8 Cal.App. 563, 97 P. 320; Western Union Tel. Co. v. State, 82 Ark. 309, 101 S.W. 748, 12 Ann.Cas. 82; State v. Constantino, 76 Vt. 192, 56 A. 1101; Dowdy v. State, 19 Ala.App. 503, 98 So. 365; Martin v. Johnston, 11 Tex.Civ.App. 628, 33 S.W. 306; Hamilton v. State, 68 Tex.Cr.R. 363, 153 S.W. 134; Palmer v. State, 168 Ala. 124, 53 So. 283.

Constitution, which prohibits the imposition of cruel or unusual punishments.

The same contention concerning this statute was made in Carter v. Johnston, 9 Cir., 145 F.2d 882, 883. There, as here, it was contended that the power of the court under this statute was limited to the imposition of a ten year sentence where the death penalty was not recommended by the jury, but the circuit court construed the statute to mean that "the aggravation of the bank robbery by the use of such violence against persons to avoid apprehension subjects the offender to a sentence of ten years at least and above that to any term of years fixed by the court and, if so directed by the jury, to the death penalty." With that construction, we agree.

Affirmed.