**Elmer B. PICKENS, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 27280.**

United States Court of Appeals, Fifth Circuit.

June 3, 1970.

Elmer B. Pickens, pro se.

Joseph B. Gladden, Jr., Atlanta, Ga., for plaintiff-appellant.

R. Macey Taylor, Asst. U. S. Atty., Wayman G. Sherrer, U. S. Atty., Birmingham, Ala., for defendant-appellee.

Before SIMPSON, MORGAN and INGRAHAM, Circuit Judges.

PER CURIAM:

This is an appeal from an order of the District Court for the Northern District of Alabama denying petitioner Pickens' motion, filed pursuant to 28 U.S.C. § 2255, to vacate a life sentence imposed on him in 1936 upon a conviction entered after a plea of guilty for robbing a federally insured bank, assaulting the bank president, and forcing the bank president to accompany him from the bank after the robbery, all in violation of 12 U.S.C. § 588b (1935), predecessor to 18 U.S.C. § 2113. Pickens was represented by counsel when he entered his plea of guilty.

Pickens contends that this plea of guilty is invalid under the recent Supreme Court decisions of United States v. Jackson, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968), and Pope v. United States, 392 U.S. 651, 88 S.Ct. 2145, 20 L.Ed.2d 1317 (1968), which

**350**

held unconstitutional provisions [1] providing for the imposition of the death penalty for certain aggravated violations *only if the verdict of the jury shall recommend* in the Federal Kidnapping Act, 18 U.S.C. § 1201 (1966), and the Federal Bank Robbery Act, 18 U.S.C. § 2113 (1951), since they had the effect of discouraging the assertion of the Fifth Amendment right not to plead guilty or the Sixth Amendment right to demand a trial by jury.

This matter is controlled by the recent decision of Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (May 4, 1970). There the Court held that *Jackson* did not hold the death penalty provision inherently coercive of a guilty plea so that no voluntary guilty plea could be made, and said:

> \* \* \* *Jackson* ruled neither that all pleas of guilty encouraged by the fear of a possible death sentence are involuntary pleas nor that such encouraged pleas are invalid whether involuntary or not. *Jackson* prohibits the imposition of the death penalty under [18 U.S.C.] § 1201(a), but that decision neither fashioned a new standard for judging the validity of guilty pleas nor mandated a new application of the test theretofore fashioned by courts and since reiterated that guilty pleas are valid if both "voluntary" and "intelligent." See Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709, 1711–1712, 23 L.Ed.2d 274 (1969). 397 U.S. 747, 90 S.Ct. 1468.

The order of the District Court denying the motion to vacate is hereby

Affirmed.

---

1. 18 U.S.C. § 1201(a) provides that kidnapping "shall be punished (1) by death if the kidnaped person has not been liberated unharmed, and if the verdict of the jury shall so recommend \* \* \*.". 18 U.S.C. § 2113 provides "Whoever, in committing any offense defined in this section [bank robbery and incidental crimes], or in avoiding or attempting to avoid apprehension for the commission of such offense, or in freeing himself or attempting to free himself from arrest or confinement for such offense, kills any person, or forces any person to accompany him without the consent of such person, shall be imprisoned not less than ten years, or punished by death if the verdict of the jury shall so direct".