Eugene F. EARIN, Petitioner-Appellant,

v.

Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellee.

No. 71-2824.

United States Court of Appeals, Fifth Circuit.

Jan. 3, 1972.

Rehearing Denied Jan. 31, 1972.

---

Eugene F. Earin, pro se.

Crawford C. Martin, Atty. Gen. of Tex., Howard M. Fender, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM.

This appeal is taken from an order of the district court denying the habeas corpus petition of a Texas state prisoner. We affirm.[1]

Appellant was convicted on his plea of guilty to a charge of assault with intent to rape. The statute under which he was convicted, Article 1162, Vernon's Ann. Texas Penal Code, provides for a sentence of any term of years not less than two but specifies no maximum term of imprisonment. Appellant was sentenced to 40 years imprisonment.

Appellant's habeas corpus petition asserted three grounds for relief: (i) that appellant's guilty plea was made in fear of the death penalty; (ii) that the penalty provision of Article 1162 is unconstitutional for failing to specify a maximum sentence; (iii) and that the penalty provision allows a judge to discriminate against Negro defendants by assessing them greater sentences than white violators.

A guilty plea resulting from the desire to avoid the possibility of the death penalty is not invalid. North Carolina v. Alford, 1970, 400 U.S. 25, 91 S. Ct. 160, 27 L.Ed.2d 162; Brady v. United States, 1970, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747; Jenkins v. Beto, 5 Cir., 1971, 442 F.2d 655; Pickens v. United States, 5 Cir., 1970, 427 F.2d 349. Nor is a sentencing statute unconstitutional because it does not provide a maximum sentence. Binkley v. Hunter, 10 Cir., 1948, 170 F.2d 848, cert. den., 336 U.S. 926, 69 S.Ct. 645, 93 L.Ed. 1087; Ex parte Davis, Tex.Cr.App., 1967, 412 S.W.2d 46; Brown v. State, 1961, 171 Tex.Cr.R. 167, 346 S.W.2d 842. Cf. Ruiz v. United States, 3 Cir., 1966, 365 F.2d 500.

Similarly without merit is appellant's contention that the sentencing statute would facilitate racial classification through the choice of the sentencing court and thus denies equal protection of the laws. Appellant has alleged no facts to support such a claim. Thus this claim is defeated by long established law that differing sentences within the maximum provided by statute for persons convicted of the same crime do not offend the Constitution. Howard v. Fleming, 1903, 191 U.S. 126, 24 S.Ct. 49, 48 L.Ed. 121; Overstreet v. United States, 5 Cir., 1957, 367 F.2d 83.

Affirmed.

---

1. It is appropriate to dispose of this pro se case summarily, pursuant to this Court's local Rule 9(c)(2), appellant having failed to file a brief within the time fixed by Rule 31, Federal Rules of Appellate Procedure. Kimbrough v. Beto, Director, 5 Cir., 1969, 412 F.2d 981.