COMMONWEALTH *vs.* DANIEL E. LOGAN.

Suffolk.    February 3, 1975. — May 5, 1975.

Present: TAURO, C.J., REARDON, QUIRICO, BRAUCHER, & HENNESSEY, JJ.

*Constitutional Law,* Due process of Law.    *Practice, Criminal,* Sentence.

The provisions of G. L. c. 269, § 10, as amended through St. 1972, c. 312, § 5, prescribing minimum, but not maximum, sentences to imprisonment for second, third, and fourth violations of that section, were not so vague as to deny due process of law to a defendant indicted for such a violation; a maximum sentence of life imprisonment was to be presumed. [656-657]

INDICTMENT found and returned in the Superior Court on November 8, 1973.

An interlocutory report to the Appeals Court was made by *Taveira,* J. The Supreme Judicial Court granted a request for direct review.

*Albert L. Hutton, Jr.,* for the defendant.

*Alice E. Richmond,* Assistant District Attorney, for the Commonwealth.

REARDON, J.   The defendant was indicted for a viola-
tion of G. L. c. 269, § 10, it being alleged in the said
indictment that he had on a prior occasion been con-
victed of a like offense, i.e., "unlawfully carrying a fire-
arm on his person," and another offense, i.e., "[u]nlaw-
fully carrying a knife."   The indictment was thus an
allegation that this was the defendant's subsequent or
second offense under § 10.   General Laws c. 269, § 10,
as amended through St. 1972, c. 312, § 5, provides in
relevant part, "[o]r whoever, after having been convicted
of any of the aforesaid offenses commits the like offense
or any other of the aforesaid offenses, shall be punished
by imprisonment in the state prison for not less than five
years, for a third such offense, by imprisonment in the
state prison for not less than seven years, and for a fourth
such offense, by imprisonment in the state prison for not
less than ten years.   The sentence imposed upon a person
who, after a conviction of an offense under this para-
graph, commits the same or a like offense, shall not be
suspended, nor shall any person so sentenced be eligible
for parole or receive any deduction from his sentence for
good conduct."[1]   On a motion to dismiss the indictment,
the trial judge did not rule but reported the case under
G. L. c. 278, § 30A, prior to trial, on a series of ques-
tions.   The defendant has waived argument on reported
questions 1 and 2 dealing with the problem whether the
statute constitutes cruel or unusual punishment, or cruel
and unusual punishment, and prefers to argue the third
question, which is, "Whether General Laws, Chapter
269, section 10 is [un]constitutionally vague and thereby
deprives the defendant of due process of law in violation
of the Fourteenth Amendment of the United States

[1] Section 10 has been amended by St. 1974, c. 649, § 2, to prescribe
maximum as well as minimum sentences for subsequent offenders
under § 10.   By St. 1975, c. 4, the operation of the 1974 amendment
was suspended until April 1, 1975.   In any event, the amendment
has no effect on this prosecution.   G. L. c. 4, § 6, Second.   *Patrick
v. Commissioner of Correction,* 352 Mass. 666 (1967).

Constitution and of Article 12 of the Massachusetts Declaration of Rights." The argument of the defendant is that "[c]itizens are entitled to know the penalties for proscribed conduct." The vice of the statute is said to lie in the absence of a maximum limit on sentences thereunder.

This argument flies in the face of a large body of law to the effect that failure to prescribe a maximum sentence for an offense does not invalidate a statute on constitutional grounds. *Binkley* v. *Hunter*, 170 F. 2d 848, 849-850 (10th Cir. 1948), cert. den. 336 U. S. 926 (1949). *Bacon* v. *People*, 438 F. 2d 637 (9th Cir. 1971). *Earin* v. *Beto*, 453 F. 2d 376, 377 (5th Cir. 1972), cert. den. 406 U. S. 909 (1972). *People* v. *McNabb*, 3 Cal. 2d 441, 444-445 (1935). *Ex parte Davis*, 412 S. W. 2d 46, 50 (Tex. Cr. App. 1967). In California, which has a long history of indeterminate sentencing procedures, the argument advanced by the defendant has been examined on numerous occasions and the California courts have invariably upheld the statutes imposing minimum but not maximum sentences. See *People* v. *McNabb, supra*; *People* v. *Sigel*, 55 Cal. App. 2d 279, 285 (1942); *People* v. *Wells*, 68 Cal. App. 2d 476, 483 (1945). We find the reasoning of these cases persuasive. Under such a statute the maximum sentence permitted by the Legislature is presumed to be a life term so that the sentence cannot be said to be vague or uncertain. *Binkley* v. *Hunter, supra. People* v. *McNabb, supra.* This interpretation is not inconsistent with G. L. c. 279, § 24, for if the sentence imposed is other than for life the judge must still fix both a maximum and a minimum term under § 24.

As mentioned, we do not decide whether in, a particular case a sentence imposed pursuant to the broad authorization in G. L. c. 269, § 10, might be so disproportionate to the offense as to constitute cruel and unusual punishment. See *McDonald* v. *Commonwealth*, 173 Mass. 322, 328 (1899), affd. 180 U. S. 311 (1901);

*Commonwealth* v. *Moore,* 359 Mass. 509, 515 (1971); *Commonwealth* v. *Morrow,* 363 Mass. 601, 610-611 (1973); *In re Lynch,* 8 Cal. 3d 410 (1972).

It follows that the answer to the reported question is "No." The case is remanded to the Superior Court for further proceedings.

*So ordered.*