

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL,
ATTORNEY GENERAL

January 17, 1977

The Honorable Richard W. Carter        Opinion No. H- 925
Hunt County Attorney
Hunt County Courthouse                 Re:  Whether article 9011,
Greenville, Texas   75401              V.T.C.S., is unconstitu-
                                       tionally vague.

Dear Mr. Carter:

    You have inquired about the constitutionality of article
9011, V.T.C.S., which regulates "going out of business"
sales.  You ask whether sections 3 and 5 of that Act are
void for vagueness.  See Grayned v. City of Rockford, 408
U.S. 104 (1972); United States v. Nat'l Dairy Products
Corp., 372 U.S. 29 (1963); Smith v. State, 268 S.W. 742
(Tex. Crim. App. 1925).

    Section 3 reads in pertinent part:

        To conduct a 'going out of business
    sale,' any person, firm, or corporation
    shall file a sworn itemized inventory with
    the assessor and collector of taxes of the
    city or county, which has jurisdiction of
    his location, together with a filing fee of
    $2.  (Emphasis added).

You suggest that section 3 is unclear as to where the
businessman must file his inventory if the business is
within the jurisdiction of both the city and county tax
assessor-collectors.  A law is void for vagueness if it fails
to give a person of ordinary intelligence a reasonable
opportunity to know what is prohibited.  Grayned v. City of
Rockford, supra.  See Galveston H. & S.A.Ry. v. Duty, 277
S.W. 1057 (Tex. Comm'n App. 1925, jdgmt adopted).  The
question you raise as to the meaning of article 9011, section
3 has been answered by a prior opinion of this office.

p. 3874

Attorney General Opinion M-154 (1967) determined that the businessman has the option of filing his inventory with either the city tax assessor-collector or the county tax assessor-collector, if both have jurisdiction of his location. If the business is subject to only the county tax assessor-collector, no such option exists. We believe that section 3 of article 9011 defines the required conduct clearly enough so that the provision is not void for vagueness.

Section 5, the penalty provision, reads as follows:

> Any person violating any provisions of this Act shall, upon conviction, be fined in the sum of not less than $200, and each separate day's violation shall constitute a separate offense. (Emphasis added).

You ask whether this provision is unconstitutional because it fails to set a maximum fine per offense. The failure of a penal statute to limit the maximum amount recoverable does not cause it to violate constitutional limitations and guarantees. Annot., 114 A.L.R. 1126 (1938). In Martin v. Johnston, 33 S.W. 306, 310 (Tex. Civ. App. 1895, no writ), the court upheld a statute providing for a fine of "not less than five dollars for each bale of cotton" weighed by an unqualified person. The defendants attacked the statute as violative of the provision of the Texas Constitution forbidding excessive fines. Art. 1, § 13. The court concluded that the statute did not authorize excessive fines but only fixed the minimum penalty and left the jury discretion to go beyond it, within the limits defined by the constitutional provision. Nor did the penalty provision violate the due process clause of the federal or Texas Constitution. U.S. Const. amend. 14, § 1; Tex. Const. art. 1, § 19. Relying on the reasoning of Martin, the Court of Criminal Appeals upheld another statute which provided a minimum but no maximum fine. Hamilton v. State, 153 S.W. 134 (Tex. Crim. App. 1913). See also United States v. Rich, 518 F.2d 980 (8th Cir. 1975); Earin v. Beto, 453 F.2d 376 (5th Cir.), cert. denied, 406 U.S. 909 (1972); Binkley v. Hunter, 170 F.2d 848 (10th Cir. 1948); Brown v. State, 346 S.W.2d 842 (Tex. Crim. App. 1961); Myers v. State, 103 S.W. 859 (Tex. Crim. App. 1907). We believe that the penalty provision of article 9011 is limited by the constitutional provisions against the imposition of excessive fines. U.S. Const. amend. 8; Tex. Const. art. 1, § 13. We conclude that section 5 of article 9011 is not unconstitutional.

### S U M M A R Y

Sections 3 and 5 of article 9011, V.T.C.S.,
are not void for vagueness or subject to
other constitutional objection.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb