UNITED STATES of America, Appellee,

v.

Pamela Jane FERNANDEZ, Defendant-Appellant.

No. 201, Docket 84–1165.

United States Court of Appeals, Second Circuit.

Argued Sept. 17, 1984.

Decided Oct. 31, 1984.

Thomas G. Dennis, Federal Public Defender, D. Conn., Hartford, Conn., of counsel, for defendant-appellant.

Albert S. Dabrowski, Asst. U.S. Atty., D. Conn., Hartford, Conn. (Alan H. Nevas, U.S. Atty., D. Conn., New Haven, Conn., of counsel), for appellee.

Before OAKES, KEARSE and PRATT, Circuit Judges.

GEORGE C. PRATT, Circuit Judge:

Pamela Fernandez appeals from the sentence imposed by the United States District Court for the District of Connecticut, after she pled guilty to one count of bank embezzlement. Fernandez argues that the district judge should not have denied her request for sentencing under the Youth Corrections Act (YCA), 18 U.S.C. § 5005 *et seq.*, without first explicitly finding that she would derive no benefit from treatment under the act, and that his failure to do so requires us to reverse and remand for resentencing. For the reasons set forth below, we agree with Fernandez and reverse and remand for resentencing before a different judge.

BACKGROUND

Over a six-week period in 1983 Fernandez embezzled cash from the Colonial Bank in Meriden, Connecticut, where she worked as a bank teller. After the thefts were discovered, Fernandez was indicted under 18 U.S.C. § 656 on nine counts of embezzlement, one for each of nine incidents. Ultimately, she pled guilty to a superseding one-count information charging her with stealing the total sum of $26,794.11.

Because she was only 21 years old, Fernandez was eligible to be sentenced under the YCA. *See* 18 U.S.C. § 5006(d). At sentencing, her counsel requested the court to impose an uncommitted sentence under the YCA, arguing that Fernandez's actions resulted from extreme emotional turmoil, rather than any criminal predisposition. Counsel asked the court to consider a psychiatrist's findings which allegedly supported his contention that treatment was a more appropriate sentencing goal for Fernandez than punishment. Further, counsel pointed out that this was Fernandez's first arrest and that already she was in the process of making full restitution to the bank. The government agreed that "serious consideration should be given to YCA treatment in this case."

The district judge declined to sentence Fernandez under the YCA. He gave three reasons for his decision. First, he viewed Fernandez's offense as nine separate thefts involving a large sum of money and stated, "[I]n my opinion the Youth Corrections Act should not be applied where there are successive offenses over such a period of time, and for such sums of money." Had it been a "one shot theft", he "could better understand the application of the Youth Corrections Act." Second, if Fernandez were sentenced under the YCA, her record would be "wiped clean" after probation, which is not something that should be done when a person steals "$26,000 or $30,000". Finally, he had just sentenced another defendant, who had also been convicted of embezzlement under similar facts, but who was apparently not eligible for YCA treatment, to a split sentence calling for a ninety-day incarceration period.

At no point during Fernandez's sentencing proceeding did the district judge mention the various treatment alternatives under the YCA, nor did he clearly find that she would not derive any benefit from

treatment under the act. He then sentenced Fernandez to a split sentence of three years with ninety days of imprisonment, to be followed by two years of probation. This appeal followed.

DISCUSSION

 The YCA represents a departure from traditional sentencing approaches. By concentrating on correction and rehabilitation, rather than retribution and punishment, it is "designed to provide a better method for treating young offenders convicted in federal courts in that vulnerable [16 to 22] age bracket, to rehabilitate them and restore normal behavior patterns." *Dorszynski v. United States*, 418 U.S. 424, 433, 94 S.Ct. 3042, 3048, 41 L.Ed.2d 855 (1974); *see Durst v. United States*, 434 U.S. 542, 544–45, 98 S.Ct. 849, 850–51, 55 L.Ed.2d 14 (1978). Execution of a sentence under the act should "fit the person, not the crime for which he was convicted." *Dorszynski*, 418 U.S. at 434, 94 S.Ct. at 3048.

 The YCA is a preferred alternative which must be used in sentencing a youth unless "the court shall find that the youth offender will not derive benefit from treatment under [the act]". 18 U.S.C. § 5010(d). Without such a "no benefit" finding, the court may not sentence the youth offender "under any other applicable penalty provision". *Id.*

In *Dorszynski*, the Supreme Court considered whether the "no benefit" finding need be explicit, or whether an appellate court could imply such a finding from the record of a particular case. It concluded that the "no benefit" finding must be clear in order to free appellate courts from "the burden of case-by-case examination of the record". *Dorszynski*, 418 U.S. at 444, 94 S.Ct. at 3053. The Court further explained that "[l]iteral compliance with the Act can be satisfied by any expression that makes clear the sentencing judge considered the alternative of sentencing under the Act and decided that the youth offender would not derive benefit from treatment under the Act." *Id.*

 On the record before us we find no expression by the district judge that even suggests, much less "makes clear", that he decided Fernandez would not benefit from treatment under the act. Moreover, from the reasons he gave for denying YCA treatment—primarily that the theft involved large sums of money taken over a period of time—it appears that the district court focused on the crime committed and ignored Fernandez's possible benefit from YCA treatment. In short, by imposing a sentence outside the YCA without clearly finding that Fernandez would not benefit from treatment under the act, the district court erred.

 In so holding, we do not mean to intimate that a sentencing judge's discretion is in any way limited in cases involving youth offenders. On the contrary, we emphasize that the YCA was designed to increase the sentencing options available to federal district judges, while preserving their traditional sentencing discretion. *Dorszynski*, 418 U.S. at 440, 94 S.Ct. at 3051. The requirement of a clear "no benefit" finding guarantees that the sentencing judge has exercised his discretion by consciously rejecting the YCA as providing no benefit to the youth offender.

CONCLUSION

The sentence is vacated, and the case is remanded for resentencing before a different judge. *Cf. United States v. Corsentino*, 685 F.2d 48, 52 (2d Cir.1982).

We note that by Title II of Pub. L. No. 98–473, § 218(a)(8), 98 Stat. 1837, signed by the president on October 12, 1984, congress has repealed the YCA. On remand, therefore, the resentencing judge may have to consider the effect of that repeal on the circumstances of this defendant.