465 So.2d 460 (1985)
Ex Parte Charles Michael HARBOR.
(Re: Charles Michael Harbor
v.
State).
83-1147.
Supreme Court of Alabama.
February 8, 1985.
George W. Andrews III, Birmingham, for petitioner.
Charles A. Graddick, Atty. Gen., and Glenn L. Davidson, Asst. Atty. Gen., for respondent.
PER CURIAM.
The writ is quashed as improvidently granted. We cannot agree with the petitioner's argument that the Supreme Court of the United States in Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), required appellate courts to test all sentences against the proscriptions of the cruel and unusual punishment clause of the Eighth Amendment to the Constitution.
WRIT QUASHED AS IMPROVIDENTLY GRANTED.
TORBERT, C.J., and MADDOX, ALMON, SHORES and ADAMS, JJ., concur.
FAULKNER, JONES, EMBRY and BEATTY, JJ., dissent.
FAULKNER, Justice (dissenting):
Charles Michael Harbor was convicted of illegal possession of drugs in violation of the Alabama Uniform Controlled Substances Act, § 20-2-1, et seq., specifically § 20-2-70, Code of Alabama 1975, and was sentenced to fifteen years' imprisonment in the state penitentiary.
The facts are fully set forth in the opinion of the Court of Criminal Appeals, 465 So.2d 455 (Ala.Cr.App.1984). Stated briefly, Police Officer Danny Ballard was called to an accident scene on the night of March 19, 1982. When he arrived he found a wrecked orange Chevrolet Corvette automobile, which he recognized as belonging to Harbor. During the investigation Officer Ballard looked inside the car and saw a plastic bag containing pills, which he believed to be contraband. The officer took *461 the contraband to Hamilton police headquarters and subsequently had it sent to the state lab. The toxicology report on the 27 pills found in the bag indicated they contained dextropropoxythene, a controlled substance, also known as Darvon.
Harbor was convicted in the circuit court of Marion County for possession of a controlled substance. At his sentencing hearing, Harbor was sentenced to fifteen years' imprisonment. Harbor raised several issues on appeal. The Court of Criminal Appeals affirmed his conviction, but refused to review his sentence, finding that it had "no jurisdiction to review sentences within statutorily prescribed limits."
Initially, I note that I agree with the Court of Criminal Appeals as to its determination that Harbor's conviction is due to be affirmed. We granted certiorari to consider the issue of whether the petitioner's punishment was so disproportionate in light of the circumstances of this case as to constitute a violation of his Eighth Amendment right against cruel and unusual punishment.
The general rule in Alabama is that the appellate court has no jurisdiction to review a sentence when the punishment imposed is within the limits defined by the punishing statute. Brown v. State, 392 So.2d 1248, 1265 (Ala.Crim.App.1980), and cases cited therein; see also, Wallace v. State, 408 So.2d 171 (Ala.Crim.App.1981), cert. denied, 408 So.2d 171 (Ala.1982); Moore v. State, 54 Ala.App. 463, 309 So.2d 500 (1975).
The appellate courts of this state, however, are not prohibited from reviewing a sentence, which, while within the statutorily prescribed limitation, is so disproportionate to the offense charged that it constitutes a violation of a defendant's Eighth Amendment rights.
The United States Supreme Court in Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), considered the life-without-parole sentence imposed upon a defendant convicted of uttering a "no account" check for $100.00, his seventh nonviolent felony. The Supreme Court held that this sentence was significantly disproportionate to the crime, and was therefore in violation of the Eighth Amendment.
While the Supreme Court recognized that "[r]eviewing courts, of course, should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes, as well as to the discretion that trial courts possess in sentencing convicted criminals," it nevertheless found that, "as a matter of principle a criminal sentence must be proportionate to the crime for which the defendant was convicted." Solem, supra, 463 U.S. at ____, 103 S.Ct. at 3009. The Supreme Court stated that in making the determination whether a sentence is within constitutional limits
"a court's proportionality analysis under the Eighth Amendment should be guided by objective criteria, including (i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions."
Id., 463 U.S. at ___, 103 S.Ct. at 3011.
In my view, incarceration of fifteen years for a first time felony offender, while being within the limits set by the legislature, rests precariously on the threshold of cruel and unusual punishment. The potential excessiveness of this punishment mandates a review pursuant to the Eighth Amendment. Since the court below did not address this issue, I would direct the Court of Criminal Appeals to consider this case in light of Solem.
JONES, EMBRY and BEATTY, JJ., concur.