We granted certiorari in this case to consider whether Alabama Code 1975, § 20-2-80, is unconstitutional because it fails to fix the maximum penalty which may be imposed.
Aubrey Lee Robinson was convicted under Alabama Code 1975, §20-2-80, for trafficking in illegal drugs and was sentenced to fifteen years in the state prison. Robinson filed a petition for writ of habeas corpus, seeking to test the validity of his conviction and sentence. The trial court denied the writ, and the Court of Criminal Appeals affirmed without opinion, 461 So.2d 61.
Robinson contends that the statute is void because it fails to provide a maximum *Page 686 
limit of punishment upon conviction. He argues that the Alabama Constitution 1901, Article I, § 7,[1] along with the state and federal due process requirements, mandates that the legislature establish a maximum limit of punishment prior to the date of the commission of the offense.
Our research reveals many statutes, both federal and state, which fix a minimum penalty for an offense but which fail to prescribe a maximum penalty. In most instances the validity of such statutes has been upheld and the courts have found that due process is not violated by the failure of the sentencing statute to specify the maximum term of imprisonment. See e.g.,Binkley v. Hunter, 170 F.2d 848 (10th Cir. 1948); Earin v.Beto, 453 F.2d 376 (5th Cir. 1972); United States v. Kuck,573 F.2d 25 (10th Cir. 1978); United States v. Hayes, 589 F.2d 811
(5th Cir. 1979); Mottaz v. United States, 753 F.2d 71 (8th Cir. 1985); Commonwealth v. Logan, 367 Mass. 655, 657,327 N.E.2d 705 (1975).
The reasoning of these cases has been followed by the Alabama Court of Criminal Appeals in Dickerson v. State, 414 So.2d 998
(Ala.Cr.App. 1982). In Dickerson, the court, addressing the exact issue at bar, held that § 20-2-80 is not unconstitutionally vague or indefinite for failure to set a maximum limitation on the sentence that may be imposed. Seealso Eldridge v. State, 418 So.2d 203 (Ala.Cr.App. 1982).
In the instant case, Robinson was sentenced to fifteen years' imprisonment. There is no indication that the penalty imposed is not proportionate.
While § 20-2-80 provides for only a minimum term of imprisonment, the statute may reasonably be construed to validly authorize a maximum sentence of life imprisonment. SeeBinkley v. Hunter, supra; Commonwealth v. Logan, supra. Seealso United States v. Jones, 540 F.2d 465 (10th Cir. 1976) (statute construed to authorize a maximum special parole term of life for controlled substance offense where no statutory maximum set). A life sentence has been held not to constitute cruel or unusual punishment for drug trafficking offenses. SeeDickerson v. State and cases cited therein.
Additionally, the judicial determination of a maximum sentence does not offend the principle of separation of powers. No unlawful delegation of legislative power is involved. UnitedStates v. Jones, supra. "Where the legislature leaves to the judiciary discretion to fix a penalty, the judiciary acts in accord with its constitutional and statutory authority in imposing sentence within that discretion." United States v.Lockley, 590 F. Supp. 1215 (N.D. Ga. 1984).
Based upon the foregoing discussion, we affirm the judgment of the Court of Criminal Appeals.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES, ALMON, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.
[1] Article I, § 7, Constitution of Alabama 1901, reads in pertinent part:
 "[N]o person shall be punished but by virtue of law established and promulgated prior to the offense and legally applied."