On remand from our supreme court, we are ordered to consider the following issue *Page 791 
in light of Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001,77 L.Ed.2d 637 (1983): Whether the trial court abused its discretion in sentencing Maddox to fifteen years' imprisonment[1]
while sentencing Callahan and Gillum to three and four years' imprisonment, respectively.
In Solem, the Supreme Court declared unconstitutional an enhanced sentence of life imprisonment without possibility of parole imposed on a defendant who pleaded guilty to passing a bad $100 check after having been convicted for six nonviolent felonies. The Court held "as a matter of principle that a criminal sentence must be proportionate to the crime for which the defendant has been convicted." Id. at 290,103 S.Ct. at 3009. The Court, as guidance in reviewing the proportionality of sentences under the Eighth Amendment, set forth the following "objective factors" to be considered: (i) an assessment of the gravity of the offense and the harshness of the penalty; (ii) a comparison of the punishment with the sentences imposed on other convicted defendants in the same jurisdiction; and (iii) a comparison of the punishment with the sentences imposed for the commission of the same crime in other jurisdictions. Id. at 290-92, 103 S.Ct. at 300910. The Court considers this "abstract evaluation of the appropriateness of a sentence for a particular crime" to be review of proportionality in the traditional sense. Pulley v. Harris,465 U.S. 37, 42-43, 104 S.Ct. 871, 875, 79 L.Ed.2d 29 (1984). Such review determines whether "punishments [are] inherently disproportionate, and therefore cruel and unusual, when imposed for a particular crime or category of crime." Id. at 43,104 S.Ct. at 875.
We use this opportunity to, once again, apply the principles expounded in Rummel v. Estelle, 445 U.S. 263, 100 S.Ct. 1133,63 L.Ed.2d 382 (1980), rather than the extended analysis of traditional proportionality, as set forth in Solem. See, e.g.,McGee v. State, 467 So.2d 685, 690-91 (Ala.Cr.App. 1985);McLester v. State, 460 So.2d 870 (Ala.Cr.App. 1984). See alsoHester v. State, 473 So.2d 1054, 1055 (Ala. 1985) (Jones, J., dissenting); Harbor v. State, 465 So.2d 460 (Ala. 1985). The petitioner in Rummel had been sentenced to life imprisonment (with possibility of parole) under the Texas recidivist statute for his third conviction, which was for obtaining $120.75 by false pretenses. His two prior convictions were for nonviolent offenses. The Rummel Court, in holding that the petitioner's sentence was not violative of the Eighth Amendment, recognized that the severity of punishment to be accorded different crimes was a matter of legislative policy. Id. 445 U.S. at 282-83,100 S.Ct. at 1143-44. This deference to legislative prerogative was reinforced in Hutto v. Davis, 454 U.S. 370, 102 S.Ct. 703,70 L.Ed.2d 556 (1982), wherein the Court reversed the Fourth Circuit's finding that a forty-year sentence for the possession of nine ounces of marihuana violated the Eighth Amendment. In so holding, the Court held that the Rummel Court had disapproved each of the "objective factors" on which the lower court relied, id. at 373, 102 S.Ct. at 705, and reiterated its mandate from Rummel, as follows:
 "In short, Rummel stands for the proposition that federal courts should be 'reluctan[t] to review legislatively mandated terms of imprisonment,' id.
at 274 [100 S.Ct. at 1139], and that 'successful challenges to the proportionality of particular sentences' should be 'exceedingly rare,' id. at 272 [100 S.Ct. at 1138]. By affirming the District Court decision after our decision in Rummel, the Court of Appeals sanctioned an intrusion into the basic linedrawing process that is 'properly within the province of legislatures, not courts.' Id., at 275-276 [100 S.Ct. at 1139-40]."
Id. at 374, 102 S.Ct. at 705-706 (footnote omitted).
Even the Court in Solem reemphasized that the scope of appellate review of a *Page 792 
sentence authorized by the legislature is greatly restricted, for it gave the following warning:
 "Reviewing courts, of course, should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes, as well as to the discretion that trial courts possess in sentencing convicted criminals."
463 U.S. at 290, 103 S.Ct. at 3009 (footnote omitted). And further:
 "[W]e do not adopt or imply approval of a general rule of appellate review of sentences. Absent specific authority, it is not the role of an appellate court to substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence; rather, in applying the Eighth Amendment the appellate court decides only whether the sentence under review is within constitutional limits. In view of the substantial deference that must be accorded legislatures and sentencing courts, a reviewing court rarely will be required to engage in extended analysis to determine that a sentence is not constitutionally disproportionate."
Id. at 290, n. 16, 103 S.Ct. at 3009, n. 16. See also Harbor v.State, 465 So.2d 460, 460 (Ala. 1985) (wherein the court, in a five-to-four decision, in refusing to address the issue of whether the petitioner's punishment of fifteen years was disproportionate to the crime of possession of a controlled substance, noted, "We cannot agree with the petitioner's argument that the Supreme Court of the United States in Solemv. Helm, 463 U.S. 277 [103 S.Ct. 3001, 77 L.Ed.2d 637] . . . (1983), required appellate courts to test all sentences against the proscriptions of the cruel and unusual punishment clause of the Eighth Amendment to the Constitution").
We find that the principles of Rummel control those cases with fact situations not clearly distinguishable from those inRummel. See Moreno v. Estelle, 717 F.2d 171, 180 (5th Cir. 1983), cert. denied, 466 U.S. 975, 104 S.Ct. 2353,80 L.Ed.2d 826 (1984). As clarified by the Solem majority, the Court's application of the traditional proportionality analysis to a sentence of life imprisonment without possibility of parole for the conviction of a nonviolent felony did not overrule Rummelv. Estelle:
 "Contrary to the suggestion in the dissent, post, at 305-312, our conclusion today is not inconsistent with Rummel v. Estelle. The Rummel
Court recognized . . . that some sentences of imprisonment are so disproportionate that they violate the Eighth Amendment. 445 U.S., at 274, n. 11 [100 S.Ct., at 1139, n. 11]. Indeed, Hutto v. Davis, 454 U.S., at 374, and n. 3 [102 S.Ct., at 705 n. 3], makes clear that Rummel should not be read to foreclose proportionality review of sentences of imprisonment. Rummel did reject a proportionality challenge to a particular sentence. But since the Rummel Court — like the dissent today — offered no standards for determining when an Eighth Amendment violation has occurred, it is controlling only in a similar factual situation.
Here the facts are clearly distinguishable. Whereas Rummel was eligible for a reasonably early parole, Helm, at age 36, was sentenced to life with no possibility of parole. See supra, at 297, and 300-303."
463 U.S. at 303-04, n. 32, 103 S.Ct. at 3017, n. 32 (emphasis added).
In McLester v. State, 460 So.2d 870, 87375 and n. 2 (Ala.Cr.App. 1984), the court, in accordance with a joint reading of Rummel and Solem, construed Solem's application of traditional proportionality to be narrowly confined to the circumstances where the defendant was sentenced to life imprisonment without possibility of parole for the conviction of a nonviolent crime. The court further noted that, under our penal code, the combination of these two circumstances is "virtually inconceivable". Id. at n. 3.
In reasserting this construction, we adopt the following:
 "[T]o the extent that Solem does not overrule the reasoning of Rummel and Davis but, rather, explicitly accepts the position asserted in those cases, that in noncapital cases successful proportionality *Page 793 
challenges will be extremely rare, 463 U.S. at 289-90 [103 S.Ct. at 3009], . . . it seems to us that Solem requires an extensive proportionality analysis only in those cases involving life sentences without parole. We are inclined to interpret Solem in this light, especially given the Solem Court's refusal to overrule Rummel and Davis, and accordingly uphold the terms of years' sentences herein as appropriate sentences within the limits set by Congress."
United States v. Rhodes, 779 F.2d 1019, 1027-28 (4th Cir. 1985), cert. denied, ___ U.S. ___, 106 S.Ct. 2916,91 L.Ed.2d 545 (1986).
Thus, we find ourselves confronted with a sentence which is outside the narrow confines of Solem and within the scope ofRummel. Accordingly, in reviewing Maddox's sentence, we initially grant "substantial deference" to the authority of the legislature and to the discretion of the trial court. Solem,463 U.S. at 290, 103 S.Ct. at 3009. Then, rather than engaging in the extended analysis of Solem, we need decide only whether Maddox's sentence is within constitutional limits.[2] Id. at 290, n. 16, 103 S.Ct. at 3009, n. 16. Giving the required deference to the legislature and to the sentencing court, we find that Maddox's sentence is constitutionally permissible; it is not disproportionate in the traditional sense to the crime of trafficking. "A life sentence has been held not to constitute cruel or unusual punishment for drug trafficking offenses."Robinson v. State, 474 So.2d 685, 686 (Ala. 1985) (citingDickerson v. State, 414 So.2d 998, 1005 (Ala.Cr.App. 1982), and cases cited therein). Here, Maddox received only fifteen years. Moreover, variation in sentence between co-actors in a criminal transaction alone does not make the harsher sentence cruel and unusual. United States v. Garcia, 785 F.2d 214, 227-28 (8th Cir.), cert. denied, ___ U.S. ___, 106 S.Ct. 1797,90 L.Ed.2d 342 (1986); United States v. Collins, 690 F.2d 670, 674
(8th Cir. 1982); Gregory v. United States, 585 F.2d 548, 550
(1st Cir. 1978). See also United States v. Bonnet, 769 F.2d 68,71 (2d Cir. 1985).
 "Sentencing judges are vested with wide discretion in the exceedingly difficult task of determining the appropriate punishment in the countless variety of situations that appear. The Constitution permits qualitative differences in meting out punishment and there is no requirement that two persons convicted of the same offense receive identical sentence."
Williams v. Illinois, 399 U.S. 235, 243, 90 S.Ct. 2018, 2023,26 L.Ed.2d 586 (1970) (quoted in Gregory v. United States, 585 F.2d at 550).
The Alabama legislature's intent for the sentencing court to have very broad discretion in specifically sentencing the trafficker according to the circumstances involved in each case is manifested by the fact that the legislature fashioned the penalty provision of the trafficking statute to have the undesignated maximum penalty of life imprisonment. Considering this implicit intention to curb the drug traffic, the large amount of drugs found on the premises, the extent of the operation of cultivating the marijuana, and Maddox's known reputation of dealing in drugs, we hold that the trial court did not subject Maddox to punishment outside constitutional limitations.
As a final note, we observe that, in the event we were to apply the Solem analysis, we would consider the particular sentences received by Gillum and Callahan to be irrelevant.McLester v. State, *Page 794 
460 So.2d at 876. Analysis of a particular sentence by traditional proportionality principles entails an "abstract evaluation."Pulley v. Harris, 465 U.S. at 42, 104 S.Ct. at 875. In addition to holding that Maddox's sentence is not violative of the Eighth Amendment, we find that Maddox has failed to show that his sentence "was obviously in punishment for Maddox's insistence upon a jury trial." The evidence establishes that Gillum[3] entered into a plea bargain agreement and changed his plea of not guilty to guilty over nine months after Maddox's sentencing. Upon sentencing approximately seven months later, Gillum received a substantially lesser sentence than Maddox.
These facts do not establish that Maddox's sentence was in retaliation of his exercise of his right to a trial by jury. Rather, it is apparent from the sequence of events that Gillum, after realizing the severity of Maddox's sentence, decided to reap the benefits of a plea bargain agreement. Moreover, it is the sentencing court's prerogative to accept such an agreement. We agree with the following observations made in Hitchcock v.Wainwright, 770 F.2d 1514, 1518-19 (11th Cir. 1985), cert.granted in part, ___ U.S. ___, 106 S.Ct. 2888, 90 L.Ed.2d 976
(1986):
 "In the 'give-and-take' of plea bargaining, the state may extend leniency to a defendant who pleads guilty foregoing his right to jury trial. Brady v. United States, 397 U.S. 742, 753
[90 S.Ct. 1463, 1471, 25 L.Ed.2d 747], . . . (1970). Legislative schemes which extend the possibility of leniency to defendants who plead guilty are permissible so long as the statute does not unnecessarily burden the assertion of constitutional rights or act to coerce inaccurate guilty pleas. . . . A judge, as much as the prosecutor and the legislature, should not be precluded from approving leniency in sentencing upon an admission of guilt. Cf. Corbitt, 439 U.S. [212,] 224 n. 14 [99 S.Ct. 492, 500, 58 L.Ed.2d 466] . . . (cannot permit prosecutor to offer leniency but not legislature).
". . . .
 "Moreover, by pleading guilty a defendant confers a substantial benefit to the objectives of the criminal justice system:
 "the more promptly imposed punishment after an admission of guilt may more effectively attain the objectives of punishment; and with the avoidance of trial, scarce judicial and prosecutorial resources are conserved for those cases in which there is a substantial issue of the defendant's guilt or in which there is substantial doubt that the State can sustain its burden of proof.
 "Brady v. United States, 397 U.S. at 752
[90 S.Ct. at 1471]. . . . The state is entitled to extend a sentence of less than that which might otherwise be appropriate to a defendant that confers such a benefit on it. 397 U.S. at 753 [90 S.Ct. at 1471]. . . . The heart of a plea bargain, from a defendant's point of view, is the option of avoiding a possibly harsher sentence after conviction at trial."
In conclusion, we note that since an effect cannot precede its cause, Maddox's sentence could not have been based on vindictiveness.
Accordingly, we once again affirm the judgment of the circuit court.
AFFIRMED.
[1] In its opinion, our supreme court noted that "Maddox received the maximum sentence allowed by law for his first felony conviction. . . ." 502 So.2d 790 (emphasis added). This finding is in conflict with Robinson v. State, 474 So.2d 685, 686 (Ala. 1985), wherein the court stated, "While § 20-2-80 provides for only a minimum term of imprisonment, the statute may reasonably be construed to validly authorize a maximum sentence of life imprisonment."
[2] One court has stated, "Of course, a determination of whether a sentence is 'within constitutional limits' will often require at least a perfunctory Solem analysis." Moreno v. Estelle,717 F.2d 171, 180, n. 10 (5th Cir. 1983), cert. denied,466 U.S. 975, 104 S.Ct. 2353, 80 L.Ed.2d 826 (1984). Another court has noted that "where an Eighth Amendment claim is made concerning the length of a sentence which may not be disposed of as so obviously within the prerogative of Congress and the district court to require no comment, . . . a simple matching of the facts of a particular case against the Solem principles will suffice without extended discussion." United States v. Rhodes,779 F.2d 1019, 1028-29 (4th Cir. 1985), cert. denied, ___ U.S. ___, 106 S.Ct. 2916, 91 L.Ed.2d 545 (1986). As is apparent, we find the instant sentence to be so obviously within the prerogative of the legislature and the circuit court as to require no comment.
[3] We do not consider Callahan's sentence to be relevant to this issue, for Callahan was convicted of the lesser offense of felony possession of marijuana.