# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs May 3, 2011

## ERIC AMOS v. TONY PARKER, WARDEN

**Direct Appeal from the Circuit Court for Lake County**
**No. 09-CR-9397      R. Lee Moore, Jr., Judge**

---

**No. W2010-01377-CCA-R3-HC  - Filed September 23, 2011**

---

The petitioner filed a petition for a writ of habeas corpus, alleging that his sentences were illegal. The habeas corpus court denied the petition. The petitioner now appeals, challenging the habeas corpus court's ruling and the constitutionality of the 2009 amendment to Tennessee Code Annotated section 29-21-101. Upon review, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., J., joined. DAVID H. WELLES, SP.J., not participating.

Eric Amos, Tiptonville, Tennessee, pro se (on appeal), and Patrick McGill, Dyersburg, Tennessee, (at trial), for the appellant, Eric Amos.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel E. Willis, Senior Counsel; Phillip Bivens, District Attorney General; and Lance Webb, Assistant District Attorney General; for the appellee, State of Tennessee.

## OPINION

### I.  Factual Background

The record reflects that on July 27, 1998, the petitioner pled guilty as a career offender to one count of theft of property valued over $10,000 but less than $60,000, aggravated assault, three counts of robbery, and six counts of aggravated robbery. He received sentences of fifteen years for each theft, aggravated assault, and robbery conviction and thirty years for each aggravated robbery conviction. The sentences were ordered to run concurrently for a total effective sentence of thirty years.

Subsequently, the petitioner filed a petition for habeas corpus relief, alleging that his sentences were illegal. Specifically, he maintained that the trial court should have ordered that the sentences be served consecutively to each other and to a previous charge. The petitioner contended that he committed the instant offenses while on bond for a theft charge he committed as a juvenile. The petitioner attached to his habeas corpus petition a detention order dated December 30, 1992, which included a recommendation that the petitioner be released upon the posting of an appearance bond. The petitioner further alleged that on October 30, 1994, while he was still a juvenile and was on bond, he committed theft, unlawful possession of a weapon, and aggravated robbery. After he was convicted of the charges, he was placed on probation. In support of this contention, the petitioner attached to the habeas corpus petition three juvenile court delinquency petitions regarding those charges and a May 7, 1997, violation of probation warrant. Based upon the petition and the attachments, the habeas corpus court appointed counsel to assist the petitioner and held a hearing on the matter.

At the hearing, the petitioner testified that because he was on bond for theft when he committed the subsequent theft, aggravated assault, and robbery, consecutive sentencing should have been imposed. However, he acknowledged that the theft charge was "never adjudicated."

The habeas court conducted the following colloquy with defense counsel to clarify the petitioner's contentions:

> THE COURT: So the first sentence that he says – well, what he's saying is what makes this an illegal or void sentence or sentences is that he was on bond on another charge and these new charges for which he's now serving a sentence should have been run consecutive to that prior charge?
>
> [DEFENSE COUNSEL]: And to each other.
>
> THE COURT: All right. But he was never sentenced on the prior charge?
>
> [DEFENSE COUNSEL]: No, sir.

At the conclusion of the hearing, the habeas corpus court stated that, given the information presented at the hearing, the petition should have been dismissed without a hearing. The court explained that because there was never an adjudication or conviction regarding the theft charge, no prior sentence existed. Moreover, the court found no statutory

mandate requiring that the sentences in this case be served consecutively to each other. On appeal, the petitioner challenges this ruling. He also contends that the 2009 amendment to Tennessee Code Annotated section 29-21-101 is unconstitutional.

## II. Analysis

Initially, we note that the determination of whether to grant habeas corpus relief is a question of law. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007). As such, we will review the trial court's findings de novo without a presumption of correctness. Id. Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). However, "[s]uch relief is available only when it appears from the face of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired." Wyatt, 24 S.W.3d at 322; see also Tenn. Code Ann. § 29-21-101. In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. Taylor, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting Taylor, 995 S.W.2d at 83).

Tennessee Code Annotated section 40-20-111(b) provides that if a defendant commits a felony while on bail "and the defendant is convicted of both offenses, the trial judge . . . shall order that the sentences be served cumulatively." Tennessee Rule of Criminal Procedure 32(c)(3) also provides that

> [w]hen a defendant is convicted of multiple offenses from one trial or when the defendant has additional sentences not yet fully served as the result of convictions in the same or other courts and the law requires consecutive sentences, the sentence shall be consecutive whether the judgment explicitly so orders or not. This rule shall apply:
>
> . . . .

(C) to a sentence for a felony committed while the defendant was released on bail and the defendant is convicted of both offenses[.]

In the instant case, even if the petitioner were on bail for the theft offense at the time he committed the instant offenses, the petitioner concedes that he was never convicted of the theft offense. Therefore, neither Tennessee Code Annotated section 40-20-111(b) nor Tennessee Rule of Criminal Procedure 32(c)(3) was applicable, and consecutive sentencing was not required. Further, although it appears that the petitioner was on probation when he committed the offenses, consecutive sentencing for offenses committed while on probation is discretionary, not mandatory. See Tenn. Code Ann. § 40-35-115(b)(6). Thus, the habeas corpus court correctly dismissed the petition for habeas corpus relief.

The petitioner also challenges the constitutionality of the 2009 amendment to Tennessee Code Annotated section 29-21-101, which provides, in pertinent part, that a claim of an illegal sentence based upon an erroneous concurrent or consecutive imposition arising from a guilty plea is not a basis of relief in a habeas corpus proceeding. See Tenn. Code Ann. § 29-21-101(b)(1) (Supp. 2009) (when the challenged judgment resulted from "a guilty plea and negotiated sentence," a petitioner is not entitled to relief when he "received concurrent sentencing where there was a statutory requirement for consecutive sentencing"). However, our supreme court has cautioned that "courts do not decide constitutional questions unless resolution is absolutely necessary to determining the issues in the case and adjudicating the rights of the parties." State v. Taylor, 70 S.W.3d 717, 720-21 (Tenn. 2002). In the instant case, we do not need to address the constitutionality of the statute in question in order to resolve the petitioner's case. Therefore, we decline to address this issue.

### III.  Conclusion

We conclude that the habeas corpus court did not err in denying the petitioner's habeas corpus petition. Accordingly, we affirm the judgment of the habeas corpus court.

_____
NORMA McGEE OGLE, JUDGE