STATE of Tennessee

v.

**Alvin Ray TAYLOR.**

Supreme Court of Tennessee,
at Nashville.

March 19, 2002.

Paul G. Summers, Attorney General & Reporter; Michael Moore, Solicitor General; Elizabeth T. Ryan, Assistant Attorney General; Charles Michael Layne, District Attorney General; Stephen E. Weitzman, Assistant District Attorney General, for the appellant, State of Tennessee.

Gregory M. O'Neal, Winchester, Tennessee, for the appellee, Alvin Ray Taylor.

## OPINION

FRANK F. DROWOTA, III, C.J., delivered the opinion of the court, in which E. RILEY ANDERSON, ADOLPHO A. BIRCH, JR., JANICE M. HOLDER, and WILLIAM M. BARKER, JJ, joined.

The sole issue in this appeal is whether Article I, Section 16 of the Tennessee Constitution or the Eighth Amendment of the United States Constitution is violated by Tenn.Code Ann. § 55–50–504(a)(2), a statute which provides a minimum fine, for second offense driving on a revoked license, but which fails to provide a maximum fine for the offense. We conclude that the statute is not facially unconstitutional under either the state or the federal constitution. However, fines imposed in

specific cases under such statutes are subject to being challenged as excessive. When such a challenge is made, however, courts should first apply the principles of the Criminal Sentencing Reform Act to determine whether the fine is excessive before analyzing the constitutional validity of the fine. We conclude that the $27,500 fine imposed by the jury in this case is excessive under the principles of the Criminal Sentencing Reform Act. Accordingly, we modify the fine to the statutory minimum of $3,000. As modified, this fine does not contravene the state and federal constitutional provisions prohibiting excessive fines. Accordingly, we reverse that part of the judgment of the Court of Criminal Appeals holding Tenn.Code Ann. § 55–50–504(a)(2) unconstitutional.

### Background

The record on appeal, which consists only of the pre-sentence report and the transcript of the sentencing hearing, reflects that the defendant, Alvin Ray Taylor, was involved in a traffic accident in Coffee County on January 10, 1998.[1] Following an investigation, Taylor was charged with driving under the influence of an intoxicant ("DUI"), second offense, driving on a revoked license, ("DRL"), second offense, and violation of the implied consent law. A jury convicted the defendant of these offenses and imposed a $3,500 fine for the second offense DUI conviction and a $27,500 fine for the second offense DRL conviction.

The trial judge held a sentencing hearing on July 13, 1999, at which the State offered the testimony of the probation officer who prepared the pre-sentence report. The officer testified that the defendant has an extensive criminal record, consisting of five felony convictions and fifteen misdemeanor convictions, including escape

convictions from both federal and state custody. The officer testified that when released on probation or parole, the defendant has repeatedly violated the conditions of his release. Moreover, at the time of the sentencing hearing in this case, the defendant had an outstanding charge for arson relating to a fire that occurred during the time he had been released on bond for these offenses.

At the conclusion of the sentencing hearing, the trial court imposed concurrent one-year sentences for the DUI and DRL convictions, and ordered the defendant to serve two hundred days before becoming eligible for release on probation. Defense counsel argued that the fine assessed by the jury on the DRL conviction was inappropriate and evidenced jury confusion. The prosecutor referred to the fine as being "unusually high" and commented that the jury "took the charge real darn serious in assessing what I can only describe as the biggest fine I have ever heard of in the State of Tennessee for driving on a revoked license pursuant to that statute." The prosecutor suggested that the court might "consider redocketing that matter for possibly remittitur for something more in line with the defendant's ability to pay...." Nonetheless, the trial judge affirmed the fine assessed by the jury for the DRL conviction.

The defendant appealed arguing that the trial court erred in refusing to reduce the fine assessed by the jury. The case initially was submitted to the Court of Criminal Appeals on briefs. Thereafter, the intermediate court ordered the parties to file supplemental briefs to address whether the failure of the fine provision of Tenn. Code Ann. § 55–50–504(a)(2) to establish a maximum penalty constitutes cruel and unusual punishment contrary to the Eighth

1. The record on appeal does not contain a transcript of the jury trial.

Amendment to the United States Constitution and Article I, Section 16 of the Tennessee Constitution. Section 55–50–504(a)(2) provides in pertinent part as follows:

> A second or subsequent violation of subdivision (a)(1) is a Class A misdemeanor. A person who drives a motor vehicle on any public highway of this state at a time when the person's privilege to do so is cancelled, suspended or revoked because of a second or subsequent conviction for ... driving while intoxicated ... shall be punished by confinement for not less than forty-five (45) days nor more than one (1) year, and there may be imposed, in addition, *a fine not less than three thousand dollars ($3000).*

(Emphasis added). Supplemental briefs were filed, and thereafter, in a split decision, the Court of Criminal Appeals held that Tenn.Code Ann. § 55–50–504(a)(2) violates Article I, Section 16 of the Tennessee Constitution and the Eighth Amendment of the United States Constitution because it does not specify the maximum fine which may be imposed for DRL convictions. After striking this statute as unconstitutional, the majority of the Court of Criminal Appeals reduced the defendant's fine to $2,500, pursuant to Tenn.Code Ann. § 40–35–111(e)(1).[2]

Judge Curwood Witt filed a separate dissenting opinion asserting that the majority erred by reaching the constitutional issue and should have found the fine excessive under the Criminal Sentencing Reform Act. Judge Witt reviewed the evidence in the record in accordance with the principles of the statutory sentencing scheme and concluded that the fine should

be reduced to the statutory minimum of $3,000.

The State filed an application for permission to appeal arguing that the Court of Criminal Appeals had erred both in reaching the constitutional issue and in concluding that the statute's failure to set a maximum fine rendered it unconstitutional. We granted the State's application for permission to appeal, and, for the following reasons, now reverse that part of the judgment of the Court of Criminal Appeals holding the statute unconstitutional. Because we conclude that the fine assessed by the jury is excessive under the Criminal Sentencing Reform Act, the fine is modified to the statutory minimum of $3,000.

### *Analysis*

■ Both Article I, Section 16 of the Tennessee Constitution and the Eighth Amendment to the United States Constitution provide in pertinent part that excessive bail "shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." This Court has previously concluded that these state and federal constitutional provisions are coextensive. *See Stuart v. State Dep't of Safety,* 963 S.W.2d 28, 34 (Tenn.1998). It is well-settled however that courts do not decide constitutional questions unless resolution is absolutely necessary to determining the issues in the case and adjudicating the rights of the parties. *Owens v. State,* 908 S.W.2d 923, 926 (Tenn.1995) (citing cases); *see also Three Affiliated Tribes of the Fort Berthold Reservation v. Wold Eng'g, P.C.,* 467 U.S. 138, 157, 104 S.Ct. 2267, 2279, 81 L.Ed.2d 113 (1984) ("It is a fundamental rule of judicial restraint ...

---

**2.** This statute provides as follows: "The authorized terms of imprisonment and fines for misdemeanors are: Class A misdemeanor, not greater than eleven (11) months twenty-nine

(29) days or a fine not to exceed two thousand five hundred dollars ($2,500), or both unless otherwise provided by statute."

that this Court will not reach constitutional questions in advance of the necessity of deciding them."); *Spector Motor Serv., Inc. v. McLaughlin,* 323 U.S. 101, 105, 65 S.Ct. 152, 154, 89 L.Ed. 101 (1944) ("If there is one doctrine more deeply rooted than any other in the process of constitutional adjudication, it is that we ought not to pass on questions of constitutionality ... unless such adjudication is unavoidable."); *Burton v. United States,* 196 U.S. 283, 295, 25 S.Ct. 243, 245, 49 L.Ed. 482 (1905) ("It is not the habit of the court to decide questions of a constitutional nature unless absolutely necessary to a decision of the case."); *Firestone v. Galbreath,* 976 F.2d 279, 286 (6th Cir.1992) ("Deciding constitutional issues only after considering and rejecting every nonconstitutional ground for the decision is a fundamental rule of judicial restraint."). Moreover, when considering the constitutionality of a statute, courts have a duty to adopt a construction which will sustain the statute and avoid constitutional conflict if at all possible, and this duty requires courts to indulge every presumption and resolve every doubt in favor of the statute's constitutionality. *See State v. Burkhart,* 58 S.W.3d 694, 697–98 (Tenn.2001); *Helms v. Tennessee Dept. of Safety,* 987 S.W.2d 545, 549 (Tenn.1999); *In Re Petition of Burson,* 909 S.W.2d 768, 775 (Tenn.1995); *State v. Lyons,* 802 S.W.2d 590, 592 (Tenn. 1990).

Applying first the second proposition stated above, we conclude that the Court of Criminal Appeals did not indulge every presumption in favor of the constitutionality of Tenn.Code Ann. § 55–50–504(a)(2). In holding the statute facially unconstitutional for its failure to prescribe a maximum fine, the Court of Criminal Appeals relied in part upon a Louisiana case, *State v. LeCompte,* 406 So.2d 1300, 1304 (La.1981), which represents the clear

minority rule on the issue. In fact, the majority of courts considering this issue have upheld the constitutionality of statutes which set a minimum fine or punishment but which do not prescribe a maximum fine or punishment. *See Ex Parte Robinson,* 474 So.2d 685 (Ala.1985); *Dickerson v. State,* 414 So.2d 998 (Ala.Crim. App.1982); *In Re Hallawell,* 8 Cal.App. 563, 97 P. 320 (1908); *State v. Nelson,* 126 Conn. 412, 11 A.2d 856 (1940); *Frese v. State,* 23 Fla. 267, 2 So. 1 (1887); *Commonwealth v. Logan,* 367 Mass. 655, 327 N.E.2d 705 (1975); *In Re Yell,* 107 Mich. 228, 65 N.W. 97 (1895); *Mannon v. State,* 788 S.W.2d 315 (Mo.Ct.App.1990); *State v. Kimbrough,* 212 S.C. 348, 46 S.E.2d 273 (1948); *Singletary v. Wilson,* 191 S.C. 153, 3 S.E.2d 802 (1939); *Southern Express Co. v. Walker,* 92 Va. 59, 22 S.E. 809 (1895); *State v. Constantino,* 76 Vt. 192, 56 A. 1101 (Vermont 1904); *State v. Fackler,* 91 Wis. 418, 64 N.W. 1029 (1895); *United States v. Hayes,* 589 F.2d 811 (5th Cir.1979); *Binkley v. Hunter,* 170 F.2d 848 (10th Cir. 1948); *United States v. Parini,* 12 M.J. 679 (A.C.M.R.1981); *United States v. Greene,* 510 F.Supp. 128 (E.D.Pa.1981). The rationale for rejecting constitutional challenges to such statutes was aptly explained by the Florida Supreme Court in *Frese* as follows:

> The mere failure to fix the maximum of a fine is not the imposition of an excessive fine. In the absence of a statutory declaration of a maximum the courts are regulated or restrained by the same provision of the Bill of Rights that the citizen relies upon for protection against the infliction by them of excessive fines within the maximum, where such a maximum has been prescribed by statute. It cannot be denied that a fine imposed by a court upon a person may, upon the facts and circumstances of the particular case, be excessive though within the maximum. Though such a statute may

be clearly free from the charge of unconstitutionality, yet it might be that a Judge in fixing or in approving or sustaining a fine fixed by a jury would err in the quantum of the fine inflicted; he may have gone too far above the minimum, where both a minimum and a maximum were specified, or too close to the maximum where only a maximum was presented by the statute. In such case the citizen's reliance for an enforcement of the provision of the Bill of Rights is upon the appellate courts.... His reliance is the same where the statute merely prescribes the minimum fine. The statute in question, when judged by the well known rules governing in such cases and which require that there must be a clear antagonism to some constitutional provision, violates no provision of our Constitution. While we deprecate such legislation, and deem it better and more in accordance with well established custom, that at least the maximum of any possible fine should be fixed by the Legislature, we find no authority that makes it necessary.

*Frese*, 2 So. at 3. We agree with the majority rule, typified by the decision of the Florida Supreme Court, that a statute's failure to prescribe a maximum fine is not the equivalent of imposing an excessive fine. Therefore, a statute, such as Tenn. Code Ann. § 55–50–504(a)(2),[3] which fails to prescribe a maximum fine, is not facially unconstitutional.

Furthermore, consistent with the fundamental principle that courts should decide constitutional issues only if absolutely necessary, we conclude that the Court of Criminal Appeals erred in reviewing the constitutional validity of the fine before first evaluating the propriety of the fine under the principles of the Criminal Sentencing Reform Act. In *State v. Bryant*, 805 S.W.2d 762, 767 (Tenn.1991), this Court held that appellate courts have authority to review fines imposed by trial courts and that the review of fines should be conducted in accordance with the principles of the statutory sentencing scheme. *See also State v. Patterson*, 966 S.W.2d 435, 446 (Tenn.Crim.App.1997). In so holding, this Court in *Bryant* reviewed Article VI, Section 14 of the Tennessee Constitution, which requires that fines in excess of fifty dollars be imposed by a jury and Article I, Section 16 which prohibits the imposition of excessive fines. *Id.* Reasoning that these constitutional provisions emanate from a desire to afford an accused "protection against excessive fines," this Court concluded that allowing appellate review of fines imposed by a jury pursuant to the statutory sentencing scheme, is a procedural protection "consistent with that envisioned by the original framers of the Constitution." *Id.* In other words, *Bryant* recognizes that allowing an appellate court to review fines in accordance with the principles of the statutory sentencing scheme further protects an accused from excessive fines. In fact, when the principles of the statutory sentencing scheme are properly applied, appellate courts will recognize and remedy excessive fines and will seldom be required to analyze the fine for constitutional excessiveness. The facts of this case illustrate well these points.

■ As Judge Witt noted in his separate dissenting opinion, considering this

---

**3.** Although not dispositive of this appeal, we note that Tenn.Code Ann. 55–50–504(a)(2) was amended by 2001 Tenn. Pub. Acts ch. 455, § 1. The amendment, effective August 2, 2001, deleted the language at the end of the subsection "a fine of not less than" and substituted the language "a fine of not more than." The effect of this amendment is to set a maximum, rather than a minimum, $3,000 fine for individuals convicted of second offense driving on a revoked license.

case in light of the principles of the statutory sentencing scheme, imposition of a $27,500 fine clearly is not appropriate. The trial court's imposition of a fine, within the limits set by the jury, is to be based upon the factors provided by the 1989 Sentencing Act, which include "the defendant's ability to pay that fine, and other factors of judgment involved in setting the total sentence." *State v. Marshall,* 870 S.W.2d 532, 542 (Tenn.Crim.App.1993). Trial and appellate courts must also consider other factors, including prior history, potential for rehabilitation, financial means, and mitigating and enhancing factors that are relevant to an appropriate, overall sentence. *State v. Blevins,* 968 S.W.2d 888, 895 (Tenn.Crim.App.1997). The seriousness of a conviction offense may also support a punitive fine. *State v. Alvarado,* 961 S.W.2d 136, 153 (Tenn.Crim. App.1996).

■ Applying these principles, we note that the defendant has a substantial history of prior criminal conduct and has a low potential for rehabilitation. On the other hand, the defendant's criminal record and lengthy incarceration also calls into question the defendant's ability to pay a large fine. Moreover, the nature of the offense in this case militates against imposing a large fine. For example, based upon the pre-sentence report, it does not appear that the accident from which these convictions arose resulted in personal injury or property damage. In addition, the pre-sentence report indicates that neither mitigating nor enhancing factors had been relied upon by either party. Significantly, the prosecuting attorney in this case clearly was not comfortable with the fine assessed by the jury. The prosecutor described the fine as the "biggest fine I have ever heard of in the State of Tennessee for driving on a revoked license" and suggested that the trial court grant the defendant a "remittitur for something more in line with the defendant's ability to pay." Finally, the trial court imposed a substantial period of incarceration, in accordance with the prosecuting attorney's recommendation; therefore, a large punitive fine does not appear necessary to achieve an appropriate overall sentence. After carefully reviewing the record in this case in light of these applicable sentencing principles, we agree with Judge Witt that the fine should be reduced to the statutory minimum of $3,000. As modified, the fine does not contravene the state and federal constitutional provisions prohibiting excessive fines because the fine is not disproportional either to the gravity of the defendant's offense or to the culpability of the defendant. *See Stuart,* 963 S.W.2d at 35; *United States v. Bajakajian,* 524 U.S. 321, 334, 118 S.Ct. 2028, 2036, 141 L.Ed.2d 314 (1998).

### *Conclusion*

For the reasons stated herein, we conclude that the Court of Criminal Appeals erred in holding Tenn.Code Ann. § 55–50–504(a)(2) facially unconstitutional. Although statutes which prescribe no maximum may result in fines which may be challenged as excessive, courts should first assess such challenges pursuant to the principles of the Criminal Sentencing Reform Act before analyzing the constitutional validity of the fine. Having concluded that the fine imposed by the jury in this case is excessive under the principles of the Criminal Sentencing Reform Act, we modify the fine to the statutory minimum of $3,000. As modified, this fine does not contravene the state and federal constitutional provisions prohibiting excessive fines. Accordingly, we reverse that part of the judgment of the Court of Criminal Appeals holding Tenn.Code Ann. § 55–50–504(a)(2) unconstitutional. Costs of this appeal are taxed equally between the State

of Tennessee, and the defendant, Alvin Ray Taylor, for which execution may issue if necessary.