# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

## STATE OF TENNESSEE v. TERRY WAYNE HAWKINS

**Appeal from the Criminal Court for Monroe County**
**No. 08133    Amy Reedy, Judge**

**No. E2009-00044-CCA-R3-CD - Filed March 24, 2010**

JAMES CURWOOD WITT, JR., J., concurring.

I concur in the majority's conclusion that a trial court is free to set any sentence within the appropriate sentencing range "regardless of the presence or absence of mitigating and enhancement factors." I write separately, however, to emphasize that the 2005 amendments to the Sentencing Act, when read in conjunction with those provisions not affected by the amendments and the Sentencing Commission Comments, are in and of themselves open to two interpretations: (1) that, although the enhancement and mitigating factors were rendered advisory, a trial court still has no discretion to enhance a defendant's sentence without finding applicable one of the enhancement factors enumerated in Code section 40-35-114 and (2) that a trial court is free to choose any sentence within the appropriate range so long as the imposition of the sentence complies with the principles and purposes of the Sentencing Act. The latter was first alluded to by our supreme court in *State v. Carter*, 254 S.W.3d 355 (2008). For the reasons set forth below, it is my view that latter interpretation is constitutionally required.

In *Blakely v. Washington*, the Supreme Court, explaining the rule promulgated in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000), ruled that "the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings." *Blakely v. Washington*, 542 U.S. 296, 303-04, 124 S. Ct. 2531, 2537 (2004). Although this court has cited this exact holding numerous times, the legal posture of the present case brings the *Blakely* language into sharper focus relative to enhancing a sentence without the use of a statutory enhancement factor. In *Cunningham v. California*, an opinion wherein the Court expressed approval of Tennessee's 2005 amendments to the Sentencing Act, the Court reiterated the principle first announced in *Apprendi* and held California's sentencing scheme

invalid because "an upper term sentence may be imposed only when the trial judge finds an aggravating circumstance." *Cunningham v. California*, 549 U.S. 270, 288, 127 S. Ct. 856, 868 (2007).

Given the Supreme Court's bright line rule, the constitution requires the interpretation of the Sentencing Act adopted by the majority opinion in this case. Indeed, the Court specifically ruled that "'merely advisory provisions,' recommending but not requiring 'the selection of particular sentences in response to differing sets of facts,' all Members of the Court agreed, 'would not implicate the Sixth Amendment.'" *Id.* at 291-92, 127 S. Ct. at 870 (quoting *United States v. Booker*, 543 U.S. 220, 233, 125 S. Ct. 738, 750 (2005)). In its opinion converting the United States Sentencing Guidelines from mandatory to discretionary, the Court observed that "when a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant." *Booker*, 543 U.S. at 233, 125 S. Ct. at 750. Thus, to withstand constitutional muster, the 2005 amendments must be interpreted to grant trial judges the power "'to exercise broad discretion . . . within a statutory range.'" *Cunningham*, 549 U.S. at 294, 127 S. Ct. at 876-77 (quoting *Booker*, 543 U.S. at 233, 125 S. Ct. at 750).[1]

The Act need not, however, give trial judges completely unfettered discretion. In *Oregon v. Ice*, the Supreme Court held that the Sixth Amendment does not prohibit a trial judge from making findings of fact to impose consecutive sentencing. *Oregon v. Ice*, — U.S. —, 129 S. Ct. 711, 719 (2009). The court observed that "state legislative innovations" designed "to rein in the discretion judges possessed at common law" were permissible so long as they did not permit the judge to make findings of fact constitutionally and traditionally within the purview of the jury. *Id.* at 719. With this principle in mind, I believe that any "enhancement factor" must be in some way expressed within the principles and guidelines of the Sentencing Act to increase a defendant's sentence. Furthermore, any enhancement factor utilized by the trial court must be supported by proof in the record. Accordingly, although the trial court is free to choose any sentence within the statutory range even without finding the presence of an enhancement factor, it is not free to increase a defendant's sentence based upon the erroneous application of an enhancement factor. I believe these rules guide the trial court's discretion in a manner that does not run afoul of the Sixth Amendment.

_____
JAMES CURWOOD WITT, JR., JUDGE

---

[1] "[W]hen considering the constitutionality of a statute, courts have a duty to adopt a construction which will sustain the statute and avoid constitutional conflict if at all possible . . . ." *State v. Taylor*, 70 S.W.3d 717, 721 (Tenn. 2002).