IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 23, 2010

# STATE OF TENNESSEE v. ANDREW REGINALD MACKINNON

**Direct Appeal from the Circuit Court for Sevier County**
**No. 13164-11      Richard R. Vance, Judge**

---

**No. E2009-00093-CCA-R3-CD - Filed March 30, 2011**

---

NORMA MCGEE OGLE, J., dissenting.

I respectfully disagree with the majority's conclusion that the judgment must be vacated and the case remanded for a new hearing. Given that the Defendant does not raise any issue regarding the trial court's failure to determine the implied consent law violation, that no prejudice has been demonstrated, and that the trial court acted as the thirteenth juror, I would address the issues raised on appeal.

As the majority correctly notes, Tennessee Code Annotated section 55-10-406(a)(4)(A) (2006) (amended 2010) provides that the trial court, not a jury, is to determine the noncriminal implied consent issue. In State v. Lee Stanley Albright, No. E2007-02671-CCA-R3-CD, 2008 Tenn. Crim. App. LEXIS 960, at **1-2 (Knoxville, Dec. 8, 2008), the defendant argued that his jury trial for violation of the implied consent law was improper. However, a panel of this court concluded that although our Code did not specifically authorize the right to a jury trial for a noncriminal violation of the implied consent law, a jury trial, where the trial judge acted as the thirteenth juror pursuant to Tennessee Rule of Criminal Procedure 33(d), was proper. See Lee Stanley Albright, No. E2007-02671-CCA-R3-CD, 2008 Tenn. Crim. App. LEXIS 960, at **11-12 (Knoxville, Dec. 8, 2008). Moreover, the court noted that "Tennessee Courts have routinely affirmed judgments entered pursuant to a jury's finding of an implied consent violation." Id. at *10 (citing State v. Taylor, 70 S.W.3d 717, 721 (Tenn. 2002); State v. Thomas Lee Phillips, No. E2004-00760-CCA-R3-CD, 2005 Tenn. Crim. App. LEXIS 807 (Knoxville, Aug. 3, 2005); State v. Michael Trew, No. E2003-01915-CCA-R3-CD, 2004 Tenn. Crim. App. LEXIS 1015 (Knoxville, Nov. 17, 2004). Just recently, in State v. Jimmy Daniel Prater, No. M2009-00527-CCA-R3-CD, 2010 Tenn. Crim. App. LEXIS 967, at *15 & n.2 (Nashville, Nov. 16, 2010), a panel of this court once again affirmed a defendant's "conviction" for violating the noncriminal implied consent law.

Unlike the defendant in <u>Stanley Lee Albright</u>, the Defendant in this case does not raise any issue regarding the jury's finding that he violated the implied consent law. To be sure, the State's having to convince a twelve-member jury that a defendant has violated the law is a benefit many defendants would not contest.

In any event, the trial court acted as the thirteenth juror in this case, expressly approving the jury's verdict and overruling the new trial motion. <u>See</u> Tenn. R. Crim. P. 33(d) (stating that a trial court may grant a new trial after a guilty verdict "if it disagrees with the jury about the weight of the evidence"). According to the majority, "there is nothing in the record to show that the trial court made an independent determination based on the evidence." However, upon a trial court's acting as the thirteenth juror, "we must presume that the trial judge independently evaluated the physical evidence and the testimony of the witnesses at trial, weighed the credibility of that evidence as provided by Rule 33[(d)], and found no reason to overturn the jury's verdict." <u>State v. Fredrico L. Horton</u>, No. M2006-01318-CCA-R3-CD, 2007 Tenn. Crim. App. LEXIS 533, at *21 (Nashville, July 5, 2007); <u>State v. Linda Kay Batts</u>, No. W2006-00419-CCA-R3-CD, 2007 Tenn. Crim. App. LEXIS 286, at **9-10 (Jackson, Apr. 4, 2007), <u>perm. to appeal denied</u>, (Tenn. 2007). Given that the appellant did not raise the issue, that no prejudice can be demonstrated, and that the trial court acted as the thirteenth juror, I would not vacate the judgment or remand the case for a new hearing.

_____<br>
NORMA McGEE OGLE, JUDGE
