# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### February 23, 2012 Session

## STATE OF TENNESSEE v. BARRY D. MCCOY

**Appeal from the Circuit Court for Montgomery County**
**No. 41001277    John H. Gasaway, Judge**

------------------

**No. M2011-02121-CCA-R9-CD - Filed May 30, 2012**

------------------

In this interlocutory appeal by the State, the State challenges the trial court's ruling denying the State's request to admit into evidence at trial the video-recorded interview of the minor victim pursuant to newly-enacted Tennessee Code Annotated section 24-7-123. Because the trial court erred by reaching the constitutional question before it was ripe for review, the ruling of the trial court is vacated, and the case is remanded for further proceedings.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Vacated and Remanded**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which D. KELLY THOMAS, JR., and JEFFREY S. BIVINS, JJ., joined.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel West Harmon, Assistant Attorney General; John Carney, District Attorney General; and Kimberly Lund, Assistant District Attorney General, for the appellant, State of Tennessee.

Greg Smith (on appeal); and Edward Dewerff (at hearing), Clarksville, Tennessee, for the appellee, Barry D. McCoy.

## OPINION

The Montgomery County grand jury charged the defendant, Barry D. McCoy, with seven counts of rape of a child, *see* T.C.A. § 39-13-522, and the defendant agreed to waive his right to a trial by jury and submit to a bench trial. Prior to trial, the State filed notice that it intended to admit into evidence during its case-in-chief the video-recorded interview of the minor victim pursuant to Code section 24-7-123. The defendant objected to the admission of the video recording on grounds that it was inadmissible hearsay and that admission of the recording would violate his constitutional right to confront the witnesses

against him. Following a hearing during which neither party presented any live evidence, the trial court denied the State's request to admit the video recording on three grounds: (1) the video recording was hearsay not covered by any exception to the hearsay rule; (2) admission of the video recording would violate the defendant's right to confront the witnesses against him; and (3) Code section 24-7-123 was unconstitutional as a legislative exercise of judicial authority. The trial court granted the State's request to pursue an interlocutory appeal to this court via Rule 9 of the Tennessee Rules of Appellate Procedure.

This court granted the State's application for interlocutory appeal pursuant to Rule 9, adopting the reasons for interlocutory appeal espoused by the trial court. In this appeal, the State contends that the trial court abused its discretion by excluding the video recording. The defendant asserts that the trial court properly excluded the evidence because Code section 24-7-123 is unconstitutional and no other exception to the hearsay rule provides for its admission.

Initially, we emphasize that neither the video recording at issue nor the transcript of the initial discussion of the evidence has been included in the record on appeal. The State, as the appellant, bears the burden of providing an adequate record on appeal, *see State v. Ballard*, 855 S.W.2d 557, 560 (Tenn. 1993), which includes the duty to "have prepared a transcript of such part of the evidence or proceedings as is necessary to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal," Tenn. R. App. P. 24(b). Generally, when the appellant fails to file an adequate record, this court must presume the trial court's ruling was correct. *See State v. Richardson*, 875 S.W.2d 671, 674 (Tenn. Crim. App. 1993). Because the record is nevertheless sufficient for our review of the trial court's action under the specific circumstances of this case and because dismissal of the appeal could result in irreparable harm to the State, we will review the propriety of the trial court's ruling notwithstanding the State's procedural default.

At issue in this case is Code section 24-7-123, which provides:

24-7-123. Admission of video recording of interview of child describing sexual conduct.

(a) Notwithstanding any provision of this part to the contrary, a video recording of an interview of a child by a forensic interviewer containing a statement made by the child under thirteen (13) years of age describing any act of sexual contact performed with or on the child by another is admissible and may be considered for its bearing on any matter to which it is

relevant in evidence at the trial of the person for any offense arising from the sexual contact if the requirements of this section are met.

(b) A video recording may be admitted as provided in subsection (a) if:

(1) The child testifies, under oath, that the offered video recording is a true and correct recording of the events contained in the video recording and the child is available for cross examination;

(2) The video recording is shown to the reasonable satisfaction of the court, in a hearing conducted pre-trial, to possess particularized guarantees of trustworthiness. In determining whether a statement possesses particularized guarantees of trustworthiness, the court shall consider the following factors:

(A) The mental and physical age and maturity of the child;

(B) Any apparent motive the child may have to falsify or distort the event, including, but not limited to, bias or coercion;

(C) The timing of the child's statement;

(D) The nature and duration of the alleged abuse;

(E) Whether the child's young age makes it unlikely that the child fabricated a statement that represents a graphic, detailed account beyond the child's knowledge and experience;

(F) Whether the statement is spontaneous or directly responsive to questions;

(G) Whether the manner in which the interview was conducted was reliable, including, but not limited to, the absence of any leading questions;

(H) Whether extrinsic evidence exists to show the defendant's opportunity to commit the act complained of in the child's statement;

(I) The relationship of the child to the offender;

(J) Whether the equipment that was used to make the video recording was capable of making an accurate recording; and

(K) Any other factor deemed appropriate by the court;

(3) The interview was conducted by a forensic interviewer who met the following qualifications at the time the video recording was made, as determined by the court:

(A) Was employed by a child advocacy center that meets the requirements of § 9-4-213(a) or (b);

(B) Had graduated from an accredited college or university with a bachelor's degree in a field related to social service, education, criminal justice, nursing, psychology or other similar profession;

(C) Had experience equivalent to three (3) years of fulltime professional work in one (1) or a combination of the following areas:

(i) Child protective services;

(ii) Criminal justice;

(iii) Clinical evaluation;

(iv) Counseling; or

(v) Forensic interviewing or other comparable work with children;

(D) Had completed a minimum of forty (40) hours of

forensic training in interviewing traumatized children and fifteen (15) hours of continuing education annually;

(E) Had completed a minimum of eight (8) hours of interviewing under the supervision of a qualified forensic interviewer of children;

(F) Had knowledge of child development through coursework, professional training or experience;

(G) Had no criminal history as determined through a criminal records background check; and

(H) Had actively participated in peer review;

(4) The recording is both visual and oral and is recorded on film or videotape or by other similar audio-visual means;

(5) The entire interview of the child was recorded on the video recording and the video recording is unaltered and accurately reflects the interview of the child; and

(6) Every voice heard on the video recording is properly identified as determined by the court.

(c) The video recording admitted pursuant to this section shall be discoverable pursuant to the Tennessee [R]ules of [C]riminal [P]rocedure.

(d) The court shall make specific findings of fact, on the record, as to the basis for its ruling under this section.

(e) The court shall enter a protective order to restrict the video recording used pursuant to this section from further disclosure or dissemination. The video recording shall not become a public record in any legal proceeding. The court shall order the video recording be sealed and preserved following the conclusion of the criminal proceeding.

T.C.A. § 24-7-123.

As indicated, the trial court declared the statute unconstitutional on grounds that, if applied to admit the video recording in question, it would violate the defendant's confrontation rights and that, in passing the statute in contravention of the rules prohibiting the admission of hearsay evidence, the legislature had violated the separation of powers doctrine by engaging in an inherently judicial function. Several well-settled principles guide our review.

The courts of this state must uphold the constitutionality of statutes where possible, *see Dykes v. Hamilton County*, 191 S.W.2d 155, 159 (Tenn. 1945); *State v. Joyner*, 759 S.W.2d 422, 425 (Tenn. Crim. App. 1987), always beginning review of the constitutionality of a statute "with the presumption that an act of the General Assembly is constitutional," *Gallaher v. Elam*, 104 S.W.3d 455, 459 (Tenn. 2003) (citing *State v. Robinson*, 29 S.W.3d 476, 479-80 (Tenn. 2000); *Riggs v. Burson*, 941 S.W.2d 44, 51 (Tenn. 1997)). Moreover, a reviewing court must "'indulge every presumption and resolve every doubt in favor of the statute's constitutionality.'" *Id.* (quoting *State v. Taylor*, 70 S.W.3d 717, 721 (Tenn. 2002)). Most importantly to our resolution of this case, however, is the established principle that "'courts do not decide constitutional questions unless resolution is absolutely necessary to determining the issues in the case and adjudicating the rights of the parties.'" *Waters v. Farr*, 291 S.W.3d 873, 882 (Tenn. 2009) (quoting *Taylor*, 70 S.W.3d at 720 (citing *Owens v. State*, 908 S.W.2d 923, 926 (Tenn. 1995)).

Here, the trial court "assume[d] for purposes" of its order excluding the video recording and granting interlocutory appeal that the statutory prerequisites for admission via Code section 24-7-123 had been satisfied, and it ruled on the constitutionality of the statute without having reviewed the video recording or considering whether the recording would qualify for admission under the statute. The parties did not stipulate that the video recording satisfied the statutory requirements or that the recording was admissible only via the terms of Code section 24-7-123. The court should not have passed on the statute's constitutionality without having first determined whether it was actually applicable to this case. If the video recording does not satisfy the statutory prerequisites embodied in Code section 24-7-123, then the constitutionality of the provision is moot. Similarly, if the video qualifies for admission into evidence at trial under another evidentiary rule, determining the constitutionality of section 24-7-123 as a vehicle of admission would be unnecessary. Also, if the court rules that the video recording is nevertheless inadmissible via the discretion afforded to the court by Code section 24-7-123, *see* T.C.A. § 24-7-123(b) ( providing that "video recording *may be* admitted" emphasis added), the court would not reach the issue of the statute's constitutionality. Each of these scenarios underscores the prematurity of the trial court's ruling in this case.

Because the trial court failed to first determine the statute's applicability in this

case, the constitutional challenge is not yet ripe for review. *See Pennell v. San Jose*, 485 U.S. 1, 10 (1988) (quoting *Hodel v. Virginia Surface Mining & Reclamation Assn., Inc*., 452 U.S. 264, 294-95 (1981), and observing that "the constitutionality of statutes ought not be decided except in an actual factual setting that makes such a decision necessary."). Accordingly, the ruling of the trial court excluding the video recording is vacated, and the case is remanded for further proceedings.

_____
JAMES CURWOOD WITT, JR., JUDGE