IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 1, 2017

## BRUCE THURMAN v. TENNESSEE DEPARTMENT OF SAFETY AND HOMELAND SECURITY

**Appeal from the Chancery Court for Davidson County**
**No. 16-0337-IV      Russell T. Perkins, Chancellor**

_____

**No. M2016-02215-COA-R3-CV**

_____

The owner of a truck was charged with driving on a revoked license, and the Tennessee Department of Safety and Homeland Security initiated a proceeding to forfeit the truck. An administrative hearing was held, which resulted in an order that the truck be forfeited. The owner sought review of the forfeiture in Chancery Court pursuant to the Administrative Procedures Act, and the court affirmed the forfeiture. Finding that the seizure of the truck constituted an excessive fine in violation of the United States and Tennessee Constitutions, we reverse the judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed; Case Remanded**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and J. STEVEN STAFFORD, P.J., W.S., joined.

Bruce Thurman, Dyer, Tennessee, Pro Se.

Herbert H. Slatery, III, Attorney General and Reporter; Andrée Blumstein, Solicitor General; and Brooke K. Schiferle, Assistant Attorney General, for the appellee, Tennessee Department of Safety and Homeland Security.

## OPINION

### I. FACTS AND PROCEDURAL HISTORY

On April 27, 2015, Sergeant David Paschall of the Dyer Police Department stopped Mr. Bruce Thurman for speeding; in the course of the stop, Sergeant Paschall requested that Mr. Thurman produce his driver's license and vehicle registration. Mr.

Thurman was unable to do so but gave his name and other information, which Sergeant Paschall relayed to the central police department for investigation. The inquiry revealed that Mr. Thurman's license had been revoked by the State of Illinois on May 12, 2013, following a conviction for driving under the influence of alcohol. Sergeant Paschall arrested Mr. Thurman and charged him with driving on a revoked license, third offense. On April 30 a warrant authorizing the initiation of a forfeiture proceeding was issued, and his truck was seized.

Mr. Thurman timely filed a petition for a hearing on the forfeiture with the Tennessee Department of Safety ("TDS"), in accordance with the procedures at Tennessee Code Annotated section 40-33-201, *et seq*. A hearing was held before an administrative judge, who issued an Initial Order upholding the seizure of Mr. Thurman's truck and ordering its forfeiture to the Dyer Police Department. Mr. Thurman filed a petition for reconsideration; the administrative judge did not act on the petition, and it was deemed denied pursuant to Tennessee Code Annotated section 4-5-317(c). Mr. Thurman appealed the Initial Order to TDS in accordance with Tennessee Code Annotated section 4-5-315, and a Final Order was entered on February 23, 2016, by the Commissioner's designee affirming the initial order and forfeiture.

On April 6, 2016, Mr. Thurman filed a petition in Davidson County Chancery Court seeking judicial review of the TDS Final Order pursuant to Tennessee Code Annotated section 4-5-322. In due course, the administrative record was filed, and on October 11, 2016, the court entered a Memorandum and Final Order, denying the petition and affirming the forfeiture. Mr. Thurman appeals, articulating these issues:

1. The State's seizure of claimant's vehicle is a violation of the Eighth Amendment of the United States Constitution.

2. The State's argument that claimant's raising of constitutional arguments were time barred is invalid.[1]

## II. STANDARD OF REVIEW

Tennessee Code Annotated section 4-5-322 allows for judicial review of agency decisions in chancery court; appeals to this Court are allowed pursuant to section 4-5-323. This Court, as well as the trial court, reviews the Commission's decision under the narrowly defined standard of review set forth at section 4-5-322(h):

---

[1] TDS argued before the administrative judge that Mr. Thurman should have raised the constitutional argument by appropriate pleading prior to the forfeiture hearing; the administrative judge disregarded the argument and addressed the issue. TDS has not appealed the ruling in this regard; consequently, inasmuch as Mr. Thurman was permitted to make the argument, we will not address this issue.

The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if the rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

(1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority of the agency;
(3) Made upon unlawful procedure;
(4) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
(5)(A) Unsupported by evidence that is both substantial and material in the light of the entire record.
    (B) In determining the substantiality of evidence, the court shall take into account whatever in the record fairly detracts from its weight, but the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact.

We review the factual findings of the Commission under the limited provisions of Tennessee Code Annotated section 4-5-322, and we review matters of law *de novo* with no presumption of correctness. *Davis v. Shelby Cnty. Sheriff's Dep't*, 278 S.W.3d 256, 264 (Tenn. 2009) (citing Tenn. R. App. P. 13(d); *Cumulus Broad, Inc. v. Shim*, 226 S.W.3d 366, 373 (Tenn. 2007)).

## III. ANALYSIS

Tennessee Code Annotated section 55-50-504(a)(1) makes driving a vehicle on a revoked license a Class B misdemeanor; section 55-50-504(h)(1) authorizes the forfeiture of the vehicle being driven when the driver's privileges were originally revoked for driving under the influence of an intoxicant. Mr. Thurman does not contest that he was driving while his license was revoked; he argues that the forfeiture of his truck constituted an excessive fine, in violation of the Eighth Amendment to the United States Constitution.[2]

In *Stuart v. State Department of Safety*, 963 S.W.2d 28 (Tenn. 1998), the Tennessee Supreme Court determined that the excessive fines clause applied to civil *in rem* forfeitures; the court established a proportionality test, in which the value of the

---

[2] Article I, section 16 of the Tennessee Constitution, which also prohibits the imposition of an excessive fine as punishment for a crime, is coextensive with the Eighth Amendment. *State v. Taylor*, 70 S.W.3d 717, 720 (Tenn. 2002) (citing *Stuart v. State Dep't of Safety,* 963 S.W.2d 28, 34 (Tenn. 1998)).

forfeited property is compared to the gravity of the criminal conduct to determine whether forfeiture of the property at issue constitutes an excessive fine. The court stated:

> [A]ny analysis under the excessive fines clause must include a proportionality test. Although the multifactored analysis is described in various ways, courts consistently utilize the following factors:
>
> > (1) the harshness of the penalty compared with the gravity of the underlying offense;
> >
> > (2) the harshness of the penalty compared with the culpability of the claimant; and
> >
> > (3) the relationship between the property and the offense, including whether use of the property was (a) important to the success of the crime, (b) deliberate and planned or merely incidental and fortuitous, and (c) extensive in terms of time and spatial use.
>
> No single factor is dispositive.

*Id.* at 35 (internal citations omitted).

The proportionality test was applied by this Court in *Hawks v. Greene*, No. M1999-02785-COA-R3-CV, 2001 WL 1613889 (Tenn. Ct. App. Dec. 18, 2001), a case with facts substantially similar to those at bar. In that case, Ms. Hawks' vehicle had been forfeited after she had been stopped while driving when her license was revoked as a result of a DUI conviction; as in the case before us, she had completed the one year revocation period imposed for the DUI conviction, but had not had her driving privileges restored at the time she was stopped. *Id.* at *3. The court discussed at length the elements of the proportionality test, the nature of the offense of driving on a revoked license, and the culpability of Ms. Hawks, concluding that the forfeiture of the vehicle was "grossly disproportionate to the gravity of the conduct which was the basis of the forfeiture." *Id.* at *13.[3] With respect to Ms. Hawks' culpability, the court considered relevant the fact that Ms. Hawks was eligible for reissuance of her driving privileges at the time she was stopped, stating: "[s]he admittedly drove at a time when her license was still in revoked

---

[3] The court explained further:

> The offense was a midrange misdemeanor, subject to a maximum fine of $1,000; the conduct was neither violent nor dangerous to the public; other vehicle and licensing related offenses, carrying more severe penalties, do not subject offenders to the risk of forfeiture of their vehicles.

*Hawks*, 2001 WL 1613889,. at *13. *See also* Judge Koch's concurring opinion in *Hawks*, 2001 WL 1613889, at *17.

status, but she did not violate the one year provision. She is, therefore, most culpable of failing to comply with the requirements for obtaining a new license." *Id.* at 16. The court concluded that the forfeiture of her van was an excessive fine. *Id.* at 17.

In our consideration of this issue, we note first that the Administrative Judge did not make specific findings of fact pertinent to the proportionality issue; the only reference to Mr. Thurman's excessive fine concern was the following statement contained in a footnote at the end of the Conclusions of Law portion of the Initial Order:

> The Claimant argued that forfeiture of his truck would violate the Eighth Amendment's prohibition against excessive fines. In support of his argument, the Claimant referred to the Tennessee Court of Appeals decision in the case of *Marie Hawks v. Michael C. Greene, Commissioner of Tennessee Department of Safety*, 2001 WL 1613889 (Tenn. Ct. App., 2001). However, he failed to offer <u>any</u> proof that his situation was sufficiently similar to the facts of the *Hawks* case to warrant a similar result upon application of a proportionality test.

Similarly, the Final Order addressed the concern in a footnote:

> Claimant's 8[th] Amendment claim, which was renewed in this appeal, was considered by the administrative judge and rejected.

In its Memorandum and Final Order, the trial court stated the following relative to the issue:

> Petitioner argued that the forfeiture of his vehicle in this case amounts to an excessive fine. The Court determines that the Department did, albeit in a footnote, address the excessive fine issue. Further, this Court finds that under the circumstances presented in this case, where it is clear that Petitioner's driver's license was revoked for DUI, he knew it was revoked, and he drove, posing a serious public safety concern, forfeiting the 2002 vehicle was not grossly disproportionate or excessive.

Our review of Mr. Thurman's contention is made difficult by the failure of the administrative judge to address the evidence in the record, testimonial and otherwise, bearing on this issue. The evidence in the record does not support the administrative judge's conclusory statement that the facts in this case were "not sufficiently similar to the facts of the *Hawks* case to warrant a similar result upon application of a proportionality test." The administrative judge did not discuss the facts relied upon in making the statement or analyze the evidence in the context of the proportionality test. The determination by the trial court that forfeiture was not excessive is likewise

5

conclusory, and the court does not explain the evidentiary or factual basis of its holding or discuss the other elements of the proportionality test.

One element of the proportionality test is the harshness of the penalty compared with the gravity of the underlying offense. Significant to this element is Mr. Thurman's insistence that, due to his particular circumstances, the forfeiture of his truck was a harsh measure; neither the administrative judge nor the trial court made factual findings or determinations as to the hardship Mr. Thurman would suffer as a result of the forfeiture.

In *Stuart*, when discussing the harshness of the penalty, the court stated:

> When determining the harshness of the penalty imposed under the first and second factors of the excessive fines analysis, courts should consider the monetary value of the property forfeited, particularly in light of the claimant's financial resources. A forfeiture is less likely to be excessive when the claimant has the financial ability to replace the property without undue hardship. Conversely, a forfeited vehicle may be worth little, but undue hardship may still result if the claimant's family cannot afford to replace it and has no other means of transportation.

*Stuart*, 963 S.W.2d at 36.

Relative to these considerations, Mr. Thurman valued his truck at $8,500, the amount he paid for the vehicle; this value is unrebutted and is supported by the record. He also testified as to the hardship he has endured due to the seizure of his truck and the necessity for his vehicle:

> I have not been able to gain employment since then, because now I don't have any way to work. I don't have no way to work. So, I have been unemployed the last six months.

As we consider the evidence relative to the culpability and gravity of the offense factors, we note that the record is not clear as to the basis of TDS' assertion that Mr. Thurman's truck was eligible for forfeiture. The record contains a copy of Mr. Thurman's Illinois driving record, which shows his conviction for a DUI on April 1, 2013, and shows that his license was revoked on May 12, 2013; the driving history does not disclose any prior convictions of driving on a revoked license. Also, while the record shows that Sergeant Paschall charged Mr. Thurman with a third offense of driving on a revoked license in the arrest warrant and that he stated that Mr. Thurman had two prior convictions of driving on a revoked license in the affidavit in support of the forfeiture, there is no evidence in the record of any convictions for driving on a revoked license prior to Mr. Thurman being charged by Sergeant Paschall on April 27, 2015. Pursuant to Tennessee Code Annotated section 55-50-504(a)(1), driving on a revoked license is a

6

Class B Misdemeanor, while pursuant to section 55-50-504(a)(2), a second or subsequent violation is a Class A misdemeanor. Under Tennessee Code Annotated section 40-35-111(e)(2) Class B misdemeanors are punishable by imprisonment for no more than six months, a fine of $500, or both;[4] pursuant to section 40-35-111(e)(1), Class A misdemeanors are punishable by imprisonment of up to 11 months, 29 days or a fine not exceeding $2,500, or both. The number of convictions matters because they affect the potential penalties which, in turn, bear on the culpability and gravity of the offense factors. *See Hawks*, 2001 WL 1613889 at *10-13.

There is evidence that Mr. Thurman was charged with driving on a revoked license which led to the forfeiture of his truck; to the extent pertinent to this analysis, the record does not show that he has been convicted of the offense.[5] At the time he was stopped, Mr. Thurman had completed the period of mandatory suspension of his driving privileges necessitated by his DUI conviction and was eligible to have his privileges restored.

As respects the factor measuring the relationship of the property forfeited to the offense, it is clear that Mr. Thurman was driving the truck when he was stopped. We do not consider this factor dispositive of the proportionality issue.

The proportionality test compares the value of the forfeited property to the gravity of the criminal conduct. The evidence in the record before us shows that, when Mr. Thurman was stopped, the value of his truck was $8,500; that his driving privileges had been revoked as a result of being convicted of driving under the influence; that he was eligible to have his driving privileges reinstated; and that he was not involved in any other criminal conduct. Applying the analytical framework and rationale of the court in *Hawks v. Greene,* we are led to the conclusion that, under the circumstances presented, the forfeiture of Mr. Thurman's truck was an excessive fine.

---

[4] Tennessee Code Annotated section 55-50-504(a)(1) raises the potential fine to $1,000 where the revocation of driving privileges is to a conviction for, *inter alia*, driving while intoxicated.

[5] Tennessee Code Annotated section 55-50-504(h)(2) provides:

> (2) For purposes of clarifying this subsection (h) and consistent with the overall remedial purpose of the asset forfeiture procedure, a vehicle is subject to seizure and forfeiture upon the arrest or citation of a person for driving while the person's driving privileges are cancelled, suspended or revoked. A conviction for the criminal offense of driving while the person's driving privileges are cancelled, suspended or revoked is not required.

In accordance with the statute, we do not consider the matter pertinent to the question of whether the seizure was authorized by law; we do consider it pertinent in the proportionality analysis.

**IV. CONCLUSION**

For the reasons set forth above, we reverse the judgment of the trial court, vacate the order of forfeiture, and remand the case to the trial court for further proceedings consistent with this opinion.

_____

RICHARD H. DINKINS, JUDGE