IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs at Nashville July 15, 2025

## STATE OF TENNESSEE v. GUY WILLIE TOLES

**Appeal from the Circuit Court for Dyer County**
**No. 23CR44      Mark L. Hayes, Judge**

_____

### No. W2024-01883-CCA-R3-CD
_____

A Dyer County jury convicted the Defendant, Guy Willie Toles, of felony reckless endangerment. The trial court sentenced the Defendant to one and a half years of confinement, suspended to probation after the service of sixty days of incarceration, and it imposed a $750 fine. On appeal, the Defendant contends that the trial court erred when it set his fine because the trial court failed to place any findings on the record in support of the fine. After review, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, P.J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and J. ROSS DYER, JJ., joined.

Joshua V. Lehde, Public Defender – Appellate Division, Franklin, Tennessee (on appeal), and Joseline Romero Pugh, Assistant Public Defender, Dyersburg, Tennessee (at trial) for the appellant, Guy Willie Toles.

Jonathan Skrmetti, Attorney General and Reporter; Ryan W. Davis, Assistant Attorney General; Danny H. Goodman, Jr., District Attorney General; and Matthew A. Beaird, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. Facts

This case arises from a vehicle accident that occurred on September 10, 2022. As a result of the accident, a Dyer County grand jury indicted the Defendant for attempted vehicular assault, felony reckless endangerment, and driving under the influence. Before the trial, upon motion of the State the attempted vehicular assault and the driving under the influence charges were dismissed.

At trial, the parties presented the following evidence: Jake Flora and Chuck Campbell, both deputies with the Dyer County Sheriff's Office, recalled being on duty on September 10, 2022, when they received information that someone with an active warrant, not the Defendant, was in the Finley area, which was within their jurisdiction. They, along with two other officers, left the Sheriff's Office at around 2:15 a.m. and traveled towards Finley. Deputy Flora was in the first vehicle, with the other deputies in other vehicles behind him. Deputy Flora saw a vehicle ahead of him, that he later learned was driven by the Defendant, coming towards him. The Defendant's vehicle went off the right side of the roadway, across the roadway, off the left side of the roadway, and then back into Deputy Flora's lane of travel. The Defendant's vehicle was traveling toward Deputy Flora and coming toward him head-on.

Deputy Flora decelerated, frightened because he believed that if he were hit, he was going to be severely injured. He looked for somewhere to exit the roadway because the Defendant's vehicle was gaining speed and coming in his direction in his lane. Shortly before the two vehicles would have impacted, the deputy saw a business on his right and turned onto the shoulder by the business. The Defendant's vehicle swerved away from Deputy Flora's vehicle, but it passed within four feet of his vehicle. Deputy Campbell saw Deputy Flora pull off the side of the roadway and then make a U-turn, so he also made a U-turn and followed.

Deputy Flora looked behind him and saw that the other deputy, Deputy Alex McCommon, who was following him had turned around and initiated his blue lights in pursuit of the Defendant's vehicle. The Defendant attempted to cut through a parking lot to go to another street and hit a concrete barrier. His vehicle came to a rest at the concrete barrier. Deputy Campbell arrived after the Defendant's vehicle had come to a stop.

As the deputies approached, the Defendant exited the vehicle and was laughing. When confronted, the Defendant said, "Chill bro, I didn't kill anyone." The deputies handcuffed the Defendant and took him to the sheriff's department.

Based upon this evidence, the jury convicted the Defendant as charged of felony reckless endangerment.

The trial court held a sentencing hearing to determine the Defendant's sentence and fine. The Defendant's presentence report showed that he had twelve misdemeanor convictions over a ten-year period. He was out on bond when he was arrested in this case. The Defendant also told the officer doing the presentence report that he frequently smoked marijuana and that he had smoked marijuana the day of the presentence interview. The Defendant's grandmother, Ms. Dottie Toles, testified that the Defendant lived with her and

2

had for over three years. She said he had been employed for the three years that he lived with her. The Defendant helped to pay her bills and assisted with Ms. Toles's health issues.

Based upon this evidence, the trial court sentenced the Defendant to one and a half years, suspended to probation after the service of sixty days in jail. The trial court set the Defendant's fine at $750.

At the motion for new trial, as relevant to this appeal, the Defendant contended that the trial court did not hear any testimony about what he could afford before setting his fine. The Defendant believed that the fine was excessive.

The State countered that the presentence investigative report indicated that the Defendant had been employed with NSK since 2022, earning more than $23 per hour. Further, at the sentencing hearing, the Defendant's grandmother testified that the Defendant was employed full time and had been so during the three years he resided with her. She also testified that the Defendant provided for himself financially and assisted her financially.

Based upon this evidence, the trial court found:

> [The Defendant contends] that the fine was set without regard to the [D]efendant's ability to pay. The [D]efendant's fine was set at $750. The ability to pay any given fine is but one factor used in determining the appropriateness of a fine. In this case, The Court thought about several things. One, the [D]efendant was not required to pay any restitution in this matter. There's . . . no restitution to be paid. The presentence report reflected that the [D]efendant had been employed at NSK earning $23.04 an hour where he had been since 2022. Additionally, he didn't list any liabilities when he provided information for the presentence report.
>
> The Fine is within the range established by the legislature and is in the bottom 25[th] percentile of the fine that could be assessed against a defendant on this conviction. Given the fact that the [D]efendant had been employed, had no liabilities, I don't think the motion is well taken, particularly on that ground as well.

It is from this judgment that the Defendant now appeals.

## II. Analysis

3

On appeal, the Defendant asserts that the trial court erred when it imposed a fine of $750 without placing any reasons on the record justifying its decision. The State responds that the trial court properly exercised its discretion in setting the fine. We agree with the State.

Our Tennessee constitution states, "No fine shall be laid on any citizen of this State that shall exceed fifty dollars, unless it shall be assessed by a jury of his peers, who shall assess the fine at the time they find the fact . . . ." Tenn. Const. art. VI, § 14; *see* T.C.A. § 40-35-301(b) (2014). A "defendant may waive the right to have a jury fix the fine and agree that the court fix it, in which case the court may lawfully fix the fine at any amount that the jury could have." T.C.A. § 40-35-301(b); *see State v. Sanders*, 735 S.W.2d 856, 858 (Tenn. Crim. App. 1987). The Defendant herein was convicted of reckless endangerment, which is a Class E felony. T.C.A. § 39-13-103. The Defendant was subject to a fine not to exceed $3,000. T.C.A. § 40-35-111(b)(5). The Defendant apparently waived his right to have a jury fix the fine, thus authorizing the trial court to impose the fine.

The trial court's imposition of a fine must be based upon the factors provided in the statutory sentencing act, including "the defendant's ability to pay that fine, and other factors of judgment involved in setting the total sentence." *State v. Taylor*, 70 S.W.3d 717, 723 (Tenn. 2002) (citation and quotation omitted). Although the defendant's ability to pay should be considered, it is not a controlling factor. *State v. Butler*, 108 S.W.3d 845, 854 (Tenn. 2003). The trial court "must also consider other factors, including prior history, potential for rehabilitation, financial means, and mitigating and enhancing factors that are relevant to an appropriate, overall sentence." *Taylor*, 70 S.W.3d at 723 (citation omitted). "The seriousness of a conviction offense may also support a punitive fine." *Id.* (citing *State v. Alvarado*, 961 S.W.2d 136, 153 (Tenn. Crim. App. 1996)). This court reviews fines as part of the sentence. *See Taylor*, 70 S.W.3d at 722-23; *State v. Bryant,* 805 S.W.2d 762, 767 (Tenn. 1999). Accordingly, this Court reviews the fines imposed by the trial court under an abuse of discretion standard with a presumption of reasonableness. *See Bise*, 380 S.W.3d at 707; *State v. Shanklin*, No. W2019-01460-CCA-R3-CD, 2021 WL 3485939, at *5 (Tenn. Crim. App. Oct. 6, 2020), *no perm. app. filed.* If a trial court fails to put findings in the record, we review the order without a presumption of reasonableness. *State v. Shanklin*, No. W2019-01460-CCA-R3-CD, 2021 WL 3485939, at *5 (Tenn. Crim. App. Aug. 9, 2021), *no perm. app. filed.* "Mere inadequacy in the articulation of the reasons, however, should not negate the presumption [of reasonableness]." *State v. Johnson*, No. W2022-00234-CCA-R3-CD, 2023 WL 3319060, at *6 (Tenn. Crim. App. May 9, 2023) (citation omitted), *no perm. app. filed.*

In the case under submission, we agree with the State that the trial court provided adequate findings for its judgment to be afforded a presumption of reasonableness. The

trial court noted that the Defendant was gainfully employed, had been for a duration of years, and that his pay was $23.04 per hour, which is $921.60 per week for a forty-hour week. The trial court noted that the Defendant provided for himself and his grandmother financially. The trial court also considered that this felony conviction came with no restitution and that the Defendant had listed no liabilities. These findings adequately support the trial court's imposition of the fine.

The Defendant asserts that the trial court's findings were made at the hearing of the Defendant's motion for new trial, rather than at the sentencing hearing, and therefore should not be admissible. We are unpersuaded by the Defendant's request that we not consider the trial court's findings at the motion for new trial for several reasons. First, as the State notes, the trial court retained jurisdiction over this case for thirty days and had the authority to modify its judgment and its sentencing decision. Second, were we to conclude that the findings were inaccurate and the record incomplete, we would remand the case to the trial court for additional findings, but we ultimately have those findings in the motion for new trial. Finally, even if the trial court's decision was not entitled to a presumption of reasonableness, this court could conduct a *de novo* review and impose an appropriate fine. The testimony at the sentencing hearing and the presentence investigative report both indicate that the Defendant was gainfully employed, had maintained employment for several years, and provided for himself and his grandmother financially. He has no liabilities and was required to pay no restitution. A *de novo* review also supports that the imposition of a $750 fine, equivalent to less than thirty-three hours of work at his current pay scale, is appropriate. The Defendant is not entitled to relief.

### III. Conclusion

Based on the foregoing law and reasoning, we affirm the trial court's judgment.

_____s/ *ROBERT W. WEDEMEYER*__
ROBERT W. WEDEMEYER, PRESIDING JUDGE